**MITCHELL ENERGY CORPORATION,**
**Relator,**

v.

**Honorable Clyde R. ASHWORTH, and the Honorable Catherine Adamski Gant, Respondents.**

No. 96–0967.

Supreme Court of Texas.

Argued Feb. 25, 1997.

Decided April 18, 1997.

Thomas W. Luce, III, R. Doak Bishop, Dallas, Michael S. Truesdale, Austin, Jack O'Neill, Houston, H. Carter Burdette, Ralph H. Duggins, Sloan B. Blair, Anne Gardner, Kleber C. Miller, Fort Worth, for Relator.

William L. Kirkman, Fort Worth, William R. Keffer, Paul S. Leslie, Joseph W. Spence,

J. Randall Miller, Dallas, W. T. Womble, Houston, Michael A. Simpson, Bridgeport, Cynthia Hollingsworth, Dallas, for Respondents.

GONZALEZ, Justice, delivered the opinion for a unanimous Court.

This original mandamus proceeding concerns the construction of Section 74.053 of the Texas Government Code, which allows parties to a lawsuit to object to the assignment of a "former judge or justice who was not a retired judge." TEX. GOV'T CODE § 74.053(d). The primary issue is whether, for the purpose of this statute, the status of a judge as a "former judge ... who was not a retired judge" is fixed when a judge leaves office or when a judge is assigned. We hold that a judge's status is fixed when a judge leaves office. We conclude that the respondent should have sustained the relator's objection to the assigned judge. We conditionally grant the petition for writ of mandamus.

## I

Arlen H. Nelon and LaQuita Nelon filed the underlying action in the 271st district court in Wise County. The Nelons claim that Mitchell Energy Corporation's natural gas wells contaminated their nearby water wells. Mitchell moved for disqualification or recusal of Judge John H. Fostel, the regular presiding judge of the 271st Judicial District. Judge Fostel declined to recuse himself. Mitchell objected to the first two judges that Judge Clyde R. Ashworth, the presiding judge for the Eighth Administrative Judicial Region, assigned to hear the recusal motion. Judge Ashworth honored the objections.

Judge Ashworth reassigned the recusal motion to a third judge, Judge Steven Herod, who granted Mitchell's motion to recuse Judge Fostel from trying the Nelons' case. Judge Ashworth then assigned the Nelon case to Judge Catherine Adamski Gant. Judge Gant had served as judge of the 360th Judicial District in Tarrant County from 1984 until 1988, when she was defeated for reelection. She then served as judge of the 141st Judicial District in Tarrant County from 1991 until 1994, when she again was defeated for re-election. From 1994 to 1996, she served as a visiting judge. Then in July of 1996, she qualified as a "senior judge" under Section 75.001 of the Government Code. Before the first hearing over which Judge Gant presided, Mitchell objected to Judge Gant under Section 74.053 of the Government Code. Judge Ashworth overruled Mitchell's objection, which Mitchell challenges by this mandamus proceeding.

## II

Mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Interpretation of a statute is a pure question of law over which the judge has no discretion. *Id.* at 840. Mandamus is available to compel a judge's mandatory disqualification upon proper objection without a showing that the relator lacks an adequate remedy by appeal. *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex.1996).

Section 74.053 of the Texas Government Code provides in pertinent part:

(a) When a judge is assigned under this chapter the presiding judge shall ... give notice ... to each attorney....

(b) If a party to a civil case files a timely objection to the assignment the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

. . . .

(d) A former judge or justice who *was* not a retired judge may not sit in a case if either party objects to the judge or justice. (emphasis added)

TEX. GOV'T CODE § 74.053(a),(b),(d) (emphasis added). Subsection(b) allows a party to make one objection to any assigned judge. However, subsection (d) allows unlimited objections "to an assigned judge who was not a retired judge." *Flores*, 932 S.W.2d at 501. Mitchell concedes that it used up its one objection under Section 74.053(b), but argues that it could still object to Judge Gant under subsection (d) because she is a "former judge who was not a retired judge" when she was voted out of office.

When Judge Gant was assigned to this case, she had obtained the status of a Senior Judge. To be eligible to receive assignments as a Senior Judge, a judge must be a "retiree" as that term is defined under the statutes concerning the Judicial Retirement System. TEX. GOV'T CODE § 74.054(a)(2). A "retiree" is a person who receives an annuity based on service under Plan One or Plan Two of the Judicial Retirement System. *Id.* §§ 74.041(3), 831.001(4), 836.001(7). To receive such a judicial annuity, a judge must meet requirements about either the length of service or service plus age. Most typically, a judge must be sixty-five years of age and have at least ten years of creditable service to become a retiree. *Id.* §§ 834.101(a), 839.101. As previously noted, Judge Gant served two four-year terms as the regular judge of two different district courts, having been initially appointed to fill a vacancy during the last half year of an unexpired term, and elected and defeated twice thereafter. As a result, Judge Gant has about eight and a half years of service as a regular district judge. She served enough additional years as a visiting judge to qualify as a retiree, and took senior judge status shortly before her assignment to this case.

Mitchell contends that Judge Gant's present status as a retiree judge is irrelevant, because of the Legislature's use of the past tense in the phrase "former judge or justice who *was* not a retired judge." Mitchell argues that the purpose behind Section 74.053(d) was to give parties the right to object to former judges who were not re-elected enough times to qualify for judicial retirement when they left elective office—those who had not met "the test of time" with the voters. The Nelons contend that all the Legislature meant was that a former judge must have achieved retired-judge status when assigned to be immune to an objection under Section 74.053(d).

■ In construing a statute, our primary objective is to give effect to the Legislature's intent. *Texas Water Comm'n v. Brushy Creek Mun. Util. Dist.,* 917 S.W.2d 19, 21 (Tex.1996). We try to give it the meaning the Legislature intended, keeping in mind at all times the "old law, the evil, and the remedy." TEX. GOV'T CODE § 312.005; *accord Barshop v. Medina County Underground Water Conservation Dist.,* 925 S.W.2d 618, 629 (Tex.1996). We consider the object to attain, the circumstances of the statute's enactment, legislative history, former statutory and common law, and the consequences of a particular construction. TEX. GOV'T CODE § 311.023; *Union Bankers Ins. Co. v. Shelton,* 889 S.W.2d 278, 280 (Tex. 1994).

■ We endeavor to discover what the Legislature intended from the actual language it employed. The use of "was" in Section 74.053(d) is distinctive, being the only use of the past tense anywhere in Section 74.053. For example, subsection (a) states: "When a judge is assigned" to hear a case the presiding judge must notify the parties if possible. TEX. GOV'T CODE § 74.053(a) (emphasis added). On the other hand, subsection (d) provides: "A former judge or justice who *was* not a retired judge may not sit in a case if either party objects to the judge or justice." *Id.* § 74.053(d)(emphasis added). The use of past tense in subsection (d) indicates that the Legislature was contemplating a time before assignment. The Nelons' argument that subsection (d) means only that a judge must have attained retired status at the time of assignment does not comport with the Legislature's choice of words.

We turn next to the statutory development of the system of assigning judges. Before 1957, only currently sitting district judges could be assigned to another court. In 1957, the Legislature allowed judges who participated in the Judicial Retirement System to serve by assignment, being retired judges who were sixty-five years old with at least ten years experience. Act of May 23, 1957, 55th Leg., R.S., ch. 408, § 1, 1955 Tex. Gen. Laws 1236. In 1977, the Legislature added another category of judges who could qualify for assignment—former district judges who had not been defeated for re-election and were below the age of seventy. Act of April 21, 1977, 65th Leg., R.S., ch. 115, § 2, 1977 Tex. Gen. Laws 248. In 1985, the Legislature revised the qualifications to be an assigned former district judge to those who had served four years and certified that they

would never appear and plead in court, omitting the prohibition against judges who had been defeated. Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 2026–27; Act of May 27, 1985, 69th Leg., R.S., ch. 602, § 17, 1985 Tex. Gen. Laws 2249, 2268; Act of May 27, 1985, 69th Leg., R.S., ch. 732, § 2, 1985 Tex. Gen. Laws 2533, 2539–40. The 70th Legislature authorized retired or former statutory county court at law judges to serve as assigned visiting judges. At the same time, the requirement that prospective visiting judges foreswear practicing law in state courts forever was changed to a prohibition from appearing in state courts for two years. Act of June 1, 1987, 70th Leg., R.S. ch. 674, § 1.07, 1987 Tex. Gen. Laws 2507, 2509.

 The major features of the current statutory system for assigning judges has not changed much from 1991. There are three basic categories of judges who may receive an assignment, "regular," "retiree," and "former" judges. A "regular" judge is one who is a current officeholder from another court. TEX GOV'T CODE § 74.054(a)(1), (a)(5), (b). A "retiree" judge is one who, as discussed earlier, is a judge receiving an annuity under the Judicial Retirement System. The Code does not specifically define the term "former judge," but the Code requires that both former and retiree judges have served as a regular judge for a minimum of forty-eight months. *Id.* § 74.055(c)(1), (e). Thus, a former judge for purposes of assignment may be defined as one who has served as a regular judge for at least forty-eight months, but who is not a retiree judge.

A former judge who serves by assignment receives the same salary and compensation as a regular judge. TEX GOV'T CODE § 74.061(d). Former judges are members of the Judicial Retirement System and accumulate service credit. *See id.* §§ 831.001(3); 832.001(a), (d); 833.101; 836.001(5); 837.001(a), (d); 838.101. Thus, a former judge, although not vested when the judge leaves elective office, may accumulate enough service credit to receive an annuity. If other requirements are met, the judge may become a retired judge who may elect senior judge status. *Id.* § 75.001.

In 1991, Section 74.053(b) provided that parties were entitled to only one objection to an assigned judge of any kind. Act of February 22, 1989, 71st Leg., R.S., ch. 2 § 8.37, 1989 Tex. Gen. Laws 123, 163. The Legislature added subsection (d) to Section 74.053 as an amendment to House Bill 555 during the regular session of the 72nd Legislature in 1991. As initially proposed, House Bill 555 was intended to clarify the eligibility requirements to be assigned as a visiting judge. *See* COMMITTEE ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 555, 71st Leg., R.S. (1989). During a public hearing on the bill the Senate Jurisprudence Committee conducted, several senators expressed dissatisfaction with the extent assigned visiting judges were used, and urged that parties ought to have the right to have a locally elected judge decide their case. The Senators discussed a perceived problem, particularly in Harris County, that judges who had just been turned out of office by an election were returning to the same court as an assigned judge. The committee reported House Bill 555 with an amendment that would allow parties to object to the assignment of any judge other than current holders of elective office. *Public Hearing on H.B. 555 Before Senate Jurisprudence Committee,* 71st Leg., R.S., (May 14, 1991) (tape available through the Senate Staff Services Office).

When the bill reached the Senate floor, however, Senator Gene Green recommended the current language. The debate over the proposed amendment included the following exchange about its purpose:

GREEN: Mr. President, Members, [the proposed amendment] strikes "a judge or justice who is not elected or appointed to fill a vacancy in elected office" [from the version reported out of committee], and we insert, "a former judge or justice who is not a retired judge"....[T]his amendment ... would allow for someone who had served a number of years, ..., and had retired—they would still be eligible to serve and—and yet someone who may have been defeated would—would not be able to. But we would take care of the

retired judges who have enough time to—to come in.

. . . . .

SENATOR STEVE CARRIKER: Senator Green, let me see if I understand what you are doing here. Would a Judge who reached vestment, whose retirement was vested and therefore able to retire even if he was defeated, be able to serve?

GREEN: Yes, if they served that many years and they were vested. For example, what is it, ten years—? I think it's at least ten, for judicial, 'til you'd be vested, for a judicial. So you'd have stood the test of time and . . . .

CARRIKER: Senator Green, what would be the case where a judge was appointed to fill out one year of a term, was re-elected to that term for a four year term, was re-elected one more time to that as a judge for a four year term. That makes him nine years. And then one of these, one of these big party sweeps in a national election comes along and the judge was swept out of office, simply on the basis of partisan votes that had really nothing to do with his service?

GREEN: Okay, first of all, Senator, that judge could still serve as visiting judge, but under the language that we put in here that, that a party to that case can object to that judge. Now frankly, that judge could be hearing twenty cases that day in court and the attorney may say, no, I have a right to have an elected judge hear my case. So, that judge would still be eligible to sit. They just wouldn't be able to hear that, that case where a party to that case objected and wanted the elected judge in that case to hear it.

CARRIKER: Okay, so a defeated judge would not, per se, be ineligible, would only be ineligible in the case of an objection by one of the parties?

GREEN: That's . . . what the original language of the bill does. The amendment changes it to where you wouldn't even allow that person to object if that person had been vested, so we would still have somebody, for example, from some other part of Texas going to Dallas or Harris County, or any county where they have a visiting judge that has more than twelve years experience, . . . that objection would not be good for that judge.

CARRIKER: Okay, so under the original bill and also with the amendment you're placing on the bill, a person who was defeated without having reached vested retirement, would be able to serve as judge so long as no party objected?

GREEN: That's true.

Debate on Tex. H.B. 555 on the Floor of the Senate, 71st Leg., R.S. (May 21, 1991) (tape available through the Senate Staff Services Office).

Section 74.053 clearly is intended to give parties the right to veto the assignment of certain former judges. The problem which motivated the legislation was the perceived abuse of the assignment system, in particular the use of judges who had been recently rejected by the electorate.

The solution aimed at mitigating the problem was to allow parties to object to some, but not all, former judges. The line of demarcation is experience. However, the Legislature intended to measure a judge's experience not merely by time put in as a judicial officer, but by service over a period of years with the approval of the electorate. The Legislature intended that a party may object to a former judge under Section 74.053(d), but not if the judge had served as an elected judge long enough to be vested under the retirement system. By promulgating Section 74.053(d), the Legislature distinguished two kinds of former judges: those who had vested when they left office, and those who had not. Although Judge Gant ultimately achieved Senior Judge status, she had not vested when she left her last elected office. Thus, Judge Gant may not sit in a case when a party objects under Section 74.053(d).

### III

In summary, we conclude that the Legislature intended that, for the purpose of objections to visiting judges, the proper inquiry is whether the judge had vested under the State Judicial Retirement system when the judge left office, not any later-acquired status. Because Judge Gant qualified for "sen-

ior judge" status after she left office, she is a former judge who may not sit in this case after Mitchell objected. Her disqualification is mandatory. Thus, Judge Ashworth abused his discretion when he did not sustain Mitchell's objection to Judge Gant. We therefore conditionally grant the writ of mandamus with the understanding that Judge Ashworth will act in accordance with the views we have expressed in this opinion. We instruct the clerk to issue the writ only if he does not.