

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 30, 2003

The Honorable Troy Fraser
Chair, Senate Committee on Business
   and Commerce
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0079

Re: Whether a river authority is a "state agency" under section 572.002 of the Government Code, and whether a river authority must comply with the notice requirement of section 669.003(2) of the Government Code   (RQ-0046-GA)

Dear Senator Fraser:

You ask whether a river authority is a "state agency" under section 572.002 of the Government Code, and whether a river authority must comply with the notice requirement of section 669.003(2) of the Government Code.[1]

You explain that your question relates "to a river authority and its ability to enter into a contract with its General Manager or Executive Director." Request Letter, *supra* note 1, at 1. Section 669.003 of the Government Code provides in pertinent part that a state agency "may not enter into a contract with the executive head of the state agency" unless its governing body (i) votes to approve the contract in an open meeting, and (ii) notifies the Legislative Budget Board of the terms of the proposed contract not later than the fifth day before the date of the vote. TEX. GOV'T CODE ANN. § 669.003(1)-(2) (Vernon Supp. 2003).

Because chapter 669 defines the term "state agency" by reference to section 572.002 of the Government Code, *see id.* § 669.001(2), you first ask if a river authority falls under that provision's definition of state agency. *See* Request Letter, *supra* note 1, at 1. Second, and more specifically, you ask if a river authority must comply with the section 669.003(2) notice requirement. *See id.*

In construing these provisions, we attempt to give effect to the legislature's intent. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do that, we construe the statutes according to their plain language. *See RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985). Words and phrases that have acquired a technical or particular

---

[1]Letter from Honorable Troy Fraser, Chair, Senate Committee on Business and Commerce, Texas Senate, to Honorable Greg Abbott, Texas Attorney General (Apr. 24, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

meaning, whether by legislative definition or otherwise, must be construed accordingly. *See* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998) (Code Construction Act).

Chapter 669 incorporates the section 572.002 definition of "state agency," *see id.* § 669.001(2), which in turn defines the term to mean

> (A) a department, commission, board, office, or other agency that:
>
>> (i) is in the executive branch of state government;
>>
>> (ii) has authority that is not limited to a geographical portion of the state; and
>>
>> (iii) was created by the Texas Constitution or a statute of this state;
>
> (B) a university system or an institution of higher education as defined by Section 61.003, Education Code, other than a public junior college; or
>
> (C) *a river authority created under the Texas Constitution or a statute of this state.*

*Id.* § 572.002(10) (Vernon Supp. 2003) (emphasis added). Because this provision specifically includes a river authority within the definition of "state agency," a river authority is a state agency for purposes of chapter 669.

In contrast to chapter 669, the legislature has expressly excluded a river authority from the section 572.002(10) definition of "state agency" in other contexts. *See id.* §§ 656.101(1) (Vernon Supp. 2003) ("'State agency' and 'state employee' have the meanings assigned by Section 572.002 *except that the terms do not include a river authority or an employee of a river authority.*") (emphasis added), 668.001 ("In this chapter, 'state agency' has the meaning assigned by Section 572.002 *except that the term does not include a river authority.*") (emphasis added).

According to its plain language, a river authority is a state agency for purposes of chapter 669. Because a river authority is a state agency governed by section 669.003, a river authority may not enter into a contract with an executive head[2] unless it provides notice of the terms of the proposed contract to the Legislative Budget Board as required by section 669.003(2). *See id.* § 669.003(2) (requiring state agency to notify "the Legislative Budget Board, not later than the fifth day before the date of the vote, of the terms of the proposed contract").

---

[2]*See* TEX. GOV'T CODE ANN. § 669.001(1) (Vernon Supp. 2003) ("'Executive head of a state agency' means the director, executive director, commissioner, administrator, chief clerk, or other individual who is appointed by the governing body of the state agency or by another state or local officer to act as the chief executive or administrative officer of the agency and who is not an appointed officer.").

## S U M M A R Y

A river authority is a "state agency" under section 572.002 of the Government Code, and accordingly it must comply with the notice requirement of section 669.003(2) of the Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee