

OFFICE *of the* ATTORNEY GENERAL

GREG ABBOTT

January 6, 2003

The Honorable Fred M. Bosse
Chair, Committee on Civil Practices
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0007

Re: Whether a corporation that holds a bingo commercial lessor license may convert to a limited partnership and related questions (RQ-0572-JC)

Dear Representative Bosse:

The Bingo Enabling Act requires a bingo commercial lessor to be licensed. When a corporation converts to a limited partnership pursuant to article 5.17 of the Texas Business Corporation Act or when a limited partnership converts to a corporation pursuant to article 2.15 of Texas Revised Limited Partnership Act, a state license held by the converting business entity continues to be held by the converted entity in its new organizational form unless a particular licensing or regulatory scheme prohibits or restricts continuation of the license. You generally ask whether the Bingo Enabling Act precludes the continuation of a bingo commercial lessor license when a licensed Texas corporation converts to a Texas limited partnership or a licensed Texas limited partnership converts to a Texas corporation. You also ask whether the statute precludes the transfer of the license from one type of Texas business entity to another.[1]

We conclude that the Bingo Enabling Act and the rules promulgated by the Texas Lottery Commission under the statute do not preclude the continuation of a bingo commercial lessor license upon the conversion of a Texas corporation to a Texas limited partnership or of a Texas limited partnership to a Texas corporation. We also conclude that the converted corporation or limited partnership must apply for an amended license to the extent its name or address differs from that of the converting entity. Our conclusions assume, as do your questions, that the converted limited partnership or corporation meets the eligibility requirements for a bingo commercial lessor license and that each person who has a financial interest in or who is in any capacity a real party in interest in the converting entity's bingo-related business does not change after the conversion. Finally, we conclude that section 2001.160 of the Bingo Enabling Act does not permit a corporation that holds a bingo commercial lessor license to transfer the license to a limited partnership, but it does permit

---

[1]Letter from Honorable Fred M. Bosse, Chair, Committee on Civil Practices, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (July 2, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

a licensed limited partnership to transfer the license to a corporation formed or owned by the limited partnership.

We begin by providing the legal background to your first set of questions. Article 5.17 of the Business Corporation Act (the "Corporation Act") permits a domestic corporation – the converting entity – to adopt a plan of conversion and convert to another form of business entity such as a limited partnership – the converted entity – provided certain conditions are met. *See* TEX. BUS. CORP. ACT ANN. arts. 1.02(20) (defining "other entity" to include a corporation); 5.17 (authorizing conversion); 5.18 (requiring filing of articles of conversion); 5.20 (describing effect of conversion) (Vernon Supp. 2002). In addition to other statutory requirements, the conversion must be "permitted by, or not inconsistent with, the laws of the state or country in which the converted entity is to be incorporated, formed, or organized," and "effected in compliance with such laws." *Id.* art. 5.17(A)(2). Upon effective conversion, the converting entity and all its property "continue" without interruptions or further action:

> (1) the converting entity shall continue to exist, without interruption, but in the organizational form of the converted entity rather than in its prior organizational form;
>
> (2) all rights, title, and interests to all real estate and other property owned by the converting entity shall continue to be owned by the converted entity in its new organizational form without reversion or impairment, without further act or deed, and without any transfer or assignment having occurred, but subject to any existing liens or other encumbrances thereon[.]

*Id.* art. 5.20(1)-(2).

Similarly, section 2.15 of the Texas Revised Limited Partnership Act (the "Partnership Act"), permits a domestic limited partnership to adopt a plan of conversion and convert to another form of a business entity, such as a corporation. *See* TEX. REV. CIV. STAT. ANN. art. 6132a-1, § 2.15(a) (authorizing conversion), § 2.15(h)(4) (defining "other entity") (Vernon Supp. 2002). Again, in addition to satisfying the statutory requirements, the conversion must be "permitted by, or not inconsistent with, the laws of the state or country in which the converted entity is to be incorporated, formed, or organized," and "effected in compliance with such laws." *Id.* § 2.15(a)(2). And, when the conversion takes effect,

> (1) the converting entity shall continue to exist, without interruption, but in the organizational form of the converted entity rather than in its prior organizational form;
>
> (2) all rights, title, and interests to all real estate and other property owned by the converting entity shall continue to be owned by the converted entity in its new organizational form without reversion or

impairment, without further act or deed, and without any transfer or assignment having occurred, but subject to any existing liens or other encumbrances thereon[.]

*Id.* § 2.15(g)(1)-(2).

With this background, we turn to your questions. You first ask whether "a Texas Corporation that holds a bingo commercial lessor license [may] convert to a Texas Limited Partnership pursuant to Article 5.17 of the . . . Business Corporation Act[.]" Request Letter, *supra* note 1, at 1. You also ask whether a Texas limited partnership that holds such a license may convert to a corporation under section 2.15 of the Revised Limited Partnership Act. *See id.*[2] While your questions appear more general, based on the discussion in the Request Letter, we understand you to ask not whether these conversions may occur under article 5.17 of the Business Corporation Act and article 2.15 of the Texas Limited Partnership Act, but rather whether the Bingo Enabling Act precludes the continuation of the commercial lessor license in these circumstances. *See id.* at 2-5. Your questions assume that the entity resulting from the conversion is otherwise eligible for a bingo commercial lessor license and that "each other person who has a financial interest in or who is in any capacity a real party in interest in the applicant's business as it pertains to" bingo and shown on the original application for a commercial bingo lessor license remains the same. *See id.* at 2; *see also* TEX. OCC. CODE ANN. §§ 2001.156(b)(1) (information to be supplied in license application); .159 (conditions to issuance of license by Texas Lottery Commission) (Vernon 2002).

This office has determined that, as a general rule, when a corporation converts to another type of business entity pursuant to the Corporation Act, a state license held by the converting corporation continues to be held by the converted entity in its new organizational form. *See* Tex. Att'y Gen. Op. No. JC-0126 (1999). Attorney General Opinion JC-0126 considered the conversion of a corporation under article 5.17 of the Corporation Act and explained the general rule permitting the continuation of a state license as follows:

> The essential feature of the conversion statute is that the converting corporation continues to exist, uninterrupted, as it assumes its new business form. As we have said, no transfers take place when there is a conversion. Instead, everything that the corporation has simply stays with it. Although state licenses are not specifically mentioned among those things that automatically make the transition, we think that the statute as a whole, viewed in light of its purpose, contemplates that a state license does not die upon a corporation's conversion, but continues with it.

*Id.* at 4.

---

[2]You specifically ask: "Reversing the [questions 1 and 2] above, may the Limited Partnership convert, or transfer its license, to a Texas Corporation?" *See* Request Letter, *supra* note 1, at 1.

But specific licensing statutes or regulations may preclude or impose limits on the continuation of a license. As Attorney General Opinion JC-0126 noted, "a specific licensing statute or regulation might conflict with this general rule by prohibiting the continuation of a license, by imposing conditions or requirements on its continuation, or by restricting the issuance of a license to certain types of business entities." *Id.* For instance, a statute may require a business to apply for a new license when converting to another business form; or may allow conversion of a business holding a permit or license only if the ownership of the newly created business entity is identical to the ownership of the former business entity or require a business to file notice of a conversion and pay a fee. *See id.*

When a corporation converts to a limited partnership under article 5.17 of the Corporation Act or a limited partnership to a corporation under article 2.15 of the Partnership Act, a state license held by the converting entity would continue to be held by the converted entity in its new organizational form unless otherwise provided by a particular licensing or regulatory statute or regulations. Although Attorney General Opinion JC-0126 expressly considered the conversion of a corporation to another type of business entity under section 5.17 of the Corporation Act, its reasoning, conclusion, and caveat apply equally to the identical conversion provisions of the Partnership Act. *See* Tex. Att'y Gen. Op. No. JC-0126 (1999).

We thus consider whether the Bingo Enabling Act, TEX. OCC. CODE ANN. §§ 2001.001-.657 (Vernon 2002), or the rules promulgated thereunder by the Texas Lottery Commission (the "Commission"), 16 TEX. ADMIN. CODE §§ 402.541-.572 (2002) (Tex. Lottery Comm'n, Bingo Regulation and Tax), prohibit or restrict the continuation of a bingo commercial lessor license upon the conversion of a corporation to a limited partnership or of a limited partnership to a corporation. We assume here that the converted limited partnership or corporation meets the eligibility requirements for a bingo commercial lessor license.

We conclude that the Bingo Enabling Act and the Commission rules do not prohibit or restrict continuation of the license. Neither the Bingo Enabling Act nor the Commission's rules expressly prohibit or restrict the continuation of a bingo commercial lessor license upon conversion of a business entity to another type of business entity. Nor do the statute or rules implicitly prohibit continuation of the license by limiting the issuance of the license to a particular type of business entity. Either a domestically owned corporation whose shares are not publicly traded or a limited partnership may hold a bingo commercial lessor license under the Bingo Enabling Act. *See* TEX. OCC. CODE ANN. §§ 2001.002(20), .152 (Vernon 2002). A person who directly leases premises on which bingo is conducted to a licensed authorized organization must be a licensed commercial lessor. *See id.* § 2001.151. A commercial lessor license may be issued only to an "authorized organization" licensed to conduct bingo or a "person" who leases premises for the conduct of bingo. *See id.* § 2001.152. An "[a]uthorized organization" is "a person eligible for a license to conduct bingo." *Id.* § 2001.002(2). A "[p]erson," for the purposes of the Bingo Enabling Act generally, is "an individual, partnership, corporation, or other group." *Id.* § 2001.002(20). The only forms of corporate or legal "persons" ineligible for a commercial lessor license are foreign corporations or foreign legal entities; corporations or legal entities owned or controlled by a foreign corporation or

a nonresident; or corporations whose shares are publicly traded or that are owned by a publicly traded corporation. *See id.* § 2001.154(a).

The statute's restrictions on the transfer of a license, as you note, do not apply to a continuation of the license. Section 2001.160 generally provides that a licensed commercial lessor may not transfer its license except as provided by that section and only with the Commission's prior approval. *See id.* § 2001.160(a)-(c). By its terms, the statute applies to the transfer of a license. The continuation of a license upon conversion does not involve a transfer. *See* Tex. Att'y Gen. Op. No. JC-0126 (1999) at 4 ("As we have said, no transfers take place when there is a conversion. Instead, everything that the corporation has simply stays with it.").

If the Bingo Enabling Act does not prohibit or restrict the continuation of a commercial lessor license when a corporation converts to a limited partnership or a limited partnership to a corporation, you additionally ask whether the new entity must apply for an amended license. *See* Request Letter, *supra* note 1, at 1. We conclude that the converted entity must apply for an amended license to the extent its name or address differs from that of the converting entity.

An applicant for a commercial lessor license must file a written verified application containing information prescribed by the Commission. TEX. OCC. CODE ANN. § 2001.156(a) (Vernon 2002); 16 TEX. ADMIN. CODE § 402.545(b)(1) (2002). The application must contain certain information, including the name and address of the applicant "and each other person who has a financial interest in or who is in any capacity a real party in interest in the applicant's business as it pertains to" the Bingo Enabling Act, TEX. OCC. CODE ANN. § 2001.156(b)(1) (Vernon 2002); and a statement that the applicant complies with eligibility requirements of the statute, *see id.* § 2001.156(b)(5). The Commission is required by statute to investigate the applicant, *see id.* § 2001.301, and, by rule, to conduct a "complete background investigation of each employee, owner, officer and director of, each person active in, and each person with substantial interest in, any corporation that holds a license," 16 TEX. ADMIN. CODE § 402.545(b)(3)(E) (2002). The Commission must issue a license if it determines that the applicant has paid the requisite fee; the applicant is qualified to be licensed; the applicant satisfies the requirements of the statute; the proposed rent is fair and reasonable; there is no diversion of funds from lawful purposes; and "the person whose signature or name appears in the application is in all respects the real party in interest." *See* TEX. OCC. CODE ANN. § 2001.159(a)(1)-(6) (Vernon 2002). Finally, each commercial lessor license granted "shall contain a statement of the name and address of the license holder and the address of the holder" and must be "conspicuously display[ed]." *Id.* § 2001.310.

A license may be amended on application to the Commission and payment of a fee "if the subject matter of the proposed amendment could properly have been included in the original license." *Id.* § 2001.306(a); 16 TEX. ADMIN. CODE § 402.545(f) (2002). Additionally, the Commission's rules require a licensee to notify the Commission in writing of any changes in the information provided in an application or when information filed with the Commission becomes inaccurate in any way. *See* 16 TEX. ADMIN. CODE § 402.545(g) (2002). Examples of such changes include "the name of the organizational officers . . . or the name of an individual connected with a commercial lessor that would affect its eligibility to hold a license." *Id.*

Because conversion from a corporation to a limited partnership or from a limited partnership to a corporation would most likely be accompanied by at least a name change, a converted entity in its new organizational form would be required to obtain an amended license. Even assuming that neither the substantive part of the name or address of the converted entity changes upon its conversion from a corporation to a limited partnership or vice versa, the words or letters following the substantive name presumably change. As you note, for instance, in the case of the conversion of a corporation to a limited partnership, "ABC, Inc." would change to "ABC, L.P." The name of a limited partnership, as stated in its certificate of limited partnership, must contain the words "Limited Partnership" or the abbreviation "L.P." or "Ltd." as the last words or letters of the name. *See* TEX. REV. CIV. STAT. ANN. art. 6132a-1, § 1.03 (Vernon Supp. 2002). And it may not "contain a word or phrase indicating or implying that it is a corporation." *Id.* § 1.03(4). A corporate name, on the other hand, must contain the word "Corporation," "Company," or "Incorporated," or an abbreviation of such words "and shall contain such additional words as may be required by law." TEX. BUS. CORP. ACT ANN. art. 2.05(A)(1) (Vernon Supp. 2002). The inclusion of the required words or abbreviations describing the converted entity would be a change from those describing the entity in its former organizational form, and thus, require an amendment to the "conspicuously displayed" license that contains the name and address of the licensee.

We note that it is unclear from the Bingo Enabling Act and the Commission's rules which ownership and personnel changes require an amended license application rather than merely notification to the Commission. *Compare* TEX. OCC. CODE ANN. § 2001.306 (Vernon 2002); 16 TEX. ADMIN. CODE § 402.545(f) (2002) (license may be amended "if the subject matter of the amendment properly and lawfully could have been included in the original license"), *with* 16 TEX. ADMIN. CODE § 402.545(g) (2002) (licensee may notify Commission of change in application information or if information has become inaccurate). But because your questions assume that there is no change in the converted entity's eligibility, ownership, or personnel, we do not resolve this ambiguity.

You next ask whether "a Texas Corporation that holds a bingo commercial lessor license [may] transfer the license to a Texas Limited Partnership under the same ownership and control, if the transferee otherwise meets the requirements of the Bingo Enabling Act[.]" Request Letter, *supra* note 1, at 1. You also ask whether a Texas limited partnership that holds a bingo commercial lessor license may transfer the license to a Texas corporation under the same ownership and control. *See id.* You explain that a corporation might prefer to avoid the conversion procedures and simply transfer its license to a separate newly created entity. *See id.* at 4. "If so, the question that remains is whether [section] 2001.160 of the Bingo Enabling Act would prohibit such a transfer if the transferee is a limited partnership." *Id.* We conclude that section 2001.160 does not permit a corporation that holds a bingo commercial lessor license to transfer the license to a limited partnership, but it does permit a licensed limited partnership to transfer the license to a corporation formed or owned by the limited partnership.

Section 2001.160 restricts the transfer of a commercial lessor license. It provides, in relevant part, as follows:

(a)  A licensed commercial lessor *may not* transfer a commercial lessor license *except as provided by this section.*

(b)  A transfer of a commercial lessor license under this section may be *made only with the prior approval of the commission.* The *commission shall approve* the transfer under this section *if the person* to whom the license will be transferred otherwise *meets the requirements of this section.*

(c)  A licensed commercial lessor may transfer a license held by the license holder *to a corporation formed by the license holder or from one corporation owned by the license holder to another corporation owned by the license holder.*

Tex. Occ. Code Ann. § 2001.160(a)-(c) (Vernon 2002) (emphasis added).

Section 2001.160, read as a whole, permits a licensed commercial bingo lessor to transfer its license only to a corporation. Like a court, we construe a statute according to its plain language. *See Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex. 1997). We read words and phrases in context and construe them according to rules of grammar and common usage. *See* Tex. Gov't Code Ann. § 311.011(a) (Vernon 1998) (Code Construction Act). By its terms, section 2001.160(a) prohibits license transfer except as provided by the statute. *See id.* § 311.016(5) ("'May not' imposes a prohibition and is synonymous with 'shall not.'"). Section 2001.160(b) requires prior Commission approval and directs the Commission to approve a "person" meeting the requirements of section 2001.160, rather than chapter 2001. While the term "person" in chapter 2001 generally is "an individual, partnership, corporation, or other group," Tex. Occ. Code Ann. § 2001.002(20) (Vernon 2002), the only "person" to which the licensee is authorized to transfer the license specifically under section 2001.160(c) is a corporation. Under the Code Construction Act, "'[m]ay' creates discretionary authority or grants permission or a power." Tex. Gov't Code Ann. § 311.016(1) (Vernon 1998). Read in context, the term as used in subsection (c) grants a licensed bingo commercial lessor permission or power to transfer the license to a corporation formed or owned by the licensee; it does not grant the licensee the power or discretion to transfer the license to any "person" within the general meaning of that term.

## S U M M A R Y

The Bingo Enabling Act, TEX. OCC. CODE ANN. §§ 2001.001-.657 (Vernon 2002), and the rules promulgated thereunder by the Texas Lottery Commission, 16 TEX. ADMIN. CODE § 402.541-.572 (2002), do not preclude the continuation of a bingo commercial lessor license upon the conversion of a Texas corporation to a Texas limited partnership or of a Texas limited partnership to a Texas corporation assuming the converted entity is eligible for a bingo commercial lessor license. The converted corporation or limited partnership must apply for an amended license to the extent its name or address differs from that of the converting entity, assuming that each person who has a financial interest in or who is in any capacity a real party in interest in the converting entity's bingo-related business does not change. Finally, section 2001.160 of the Bingo Enabling Act does not permit a corporation that holds a bingo commercial lessor license to transfer the license to a limited partnership, but it does permit a licensed limited partnership to transfer the license to a corporation formed or owned by the limited partnership.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee