

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 3, 2004

The Honorable Chris Harris
Chair, Committee on Administration
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-0268

Opinion No. GA-0160

Re: Determination of the minimum number of signatures required on a petition for a local option election under the Alcoholic Beverage Code (RQ-0107-GA)

Dear Senator Harris:

You ask two questions concerning local option elections. You first ask whether voters on the "suspense list" or "S list" are to "be included in the total percentage of registered voters required to sign [a] local option petition."[1]

Chapter 251 of the Alcoholic Beverage Code governs local option elections. *See* TEX. ALCO. BEV. CODE ANN. §§ 251.01-.81 (Vernon 1995 & Supp. 2004). Provisions for "suspense lists" or "S-lists" generally are found in chapter 15 of the Election Code, subchapters D and E. *See* TEX. ELEC. CODE ANN. §§ 15.081-.112. (Vernon 2003). A suspense list contains the name of each registered voter who failed to submit to the registrar a response confirming the voter's current address. *See id.* § 15.081; *see also id.* §§ 15.051-.053 (addressing confirmation notice, forms, and response). Section 251.11(d) of the Alcoholic Beverage Code, however, provides that voters "whose names appear on the list of registered voters with the notation 'S,' or a similar notation, shall be excluded from the computation of the number of registered voters of a particular territory." TEX. ALCO. BEV. CODE ANN. § 251.11(d) (Vernon Supp. 2004). Subsection (d) was added by the Seventy-eighth Legislature during its Regular Session, and its effective date was September 1, 2003. It is, therefore, clear that signatures with the notation "S" or similar notation may not be included in calculating the number of required signatures on a petition to hold a local option election that is circulated after September 1, 2003.[2]

---

[1]Letter from Honorable Chris Harris, Chair, Committee on Administration, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (Sept. 16, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Section 13 of the act amending section 251.11 provides that "[t]he changes in law made by this Act apply only to a local option election for which an application for a petition is filed on or after the effective date of this Act. A local option election for which an application for a petition is filed before the effective date of this Act is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose." Act of May 22, 2003, 78th Leg,. R.S., ch. 1047, § 13, 2003 Tex. Gen. Laws 3007, 3010.

You next ask whether an election official has the "discretion to create rules for calculating the minimum number of signatures required for a local option alcohol petition absent specific language in the Alcoholic Beverage Code." Request Letter, *supra* note 1, at 1.

Section 251.11 sets forth requirements for ordering a local option election and establishes the minimum number of signatures required for various types of petitions:

> (a) The commissioners court, at its next regular session on or after the 30th day after the date the petition is filed, shall order a local option election to be held on the issue set out in the petition if the petition is filed with the registrar of voters not later than the 60th day after the date the petition is issued and bears the actual signatures of a number of qualified voters of the political subdivision equal to:
>
>> (1) 35 percent of the registered voters in the subdivision for a ballot issue that permits voting for or against;
>>
>>> (A) "The legal sale of all alcoholic beverages for off-premise consumption only.";
>>>
>>> (B) "The legal sale of all alcoholic beverages, except mixed beverages.";
>>>
>>> (C) "The legal sale of all alcoholic beverages including mixed beverages."; or
>>>
>>> (D) "The legal sale of mixed beverages.";
>>
>> (2) 25 percent of the registered voters in the subdivision who voted in the most recent general election for a ballot issue that permits voting for or against "The legal sale of wine on the premises of a holder of a winery permit."; or
>>
>> (3) 35 percent of the registered voters in the subdivision who voted in the most recent gubernatorial election for an election on any other ballot issue.
>
> . . . .
>
> (d) Voters whose names appear on the list of registered voters with the notation "S," or a similar notation, shall be excluded from the computation of the number of registered voters of a particular territory.

TEX. ALCO. BEV. CODE ANN. § 251.11(a)(1)-(3), (d) (Vernon Supp. 2004).  The legislature has thus provided specific instructions for the computation of voters in a local option petition, including a precise mathematical formula for calculating the required number of voters.  Where the language of a statute is clear and unambiguous, there is no room for additional interpretation.  *See Fleming Foods of Tex. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999); *see also Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997) (in construing a statute one must attempt to give effect to the legislature's intent).  As a result, an election official does not have discretion to adopt additional rules for calculating the minimum number of signatures required.

## S U M M A R Y

        Suspense list voters may not be included in determining the minimum number of required signatures for a local option alcohol petition.  An election official does not have discretion to adopt rules for calculating the minimum number of signatures required for a local option alcohol petition.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee