NO. 07-08-0197-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 29, 2009
_____

LAURA L. PARKER, APPELLANT

V.

CITY OF CANADIAN, APPELLEE
_____

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO. 6477; HONORABLE STEVEN R. EMMERT, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Laura L. Parker (Parker), appeals the granting of an injunction in favor of appellee, City of Canadian (City), enjoining her from the continued use of a mobile home within the confines of the city as Parker's residence. We reverse and dissolve the injunction.

## Background

Parker is the owner of a Graham Mobile Home, serial number W80143418.[1] Parker resided in the mobile home at 638 Mobeetie Street, Canadian, Texas, until sometime after August 8, 2006. On August 8, 2006, Parker requested a permit from the City allowing her to relocate her mobile home to 212 Elliott Street, Canadian, Texas. Initially, the permit was approved and Parker moved her mobile home, incurring expenses of approximately $1,600-$1,700. Subsequently, the City investigated the issuance of the permit and determined that the mobile home in question was manufactured before June 15, 1976.[2] As a result of this determination the City sought to enforce its code section 14.145, which provides,

> From and after the effective date of this section, it is intended that all references made to mobile homes in the zoning ordinances and zoning code (other than the actual definition), refer only to HUD-Code Manufactured Homes, as defined in this article. Mobile homes as defined in this article will no longer be permitted to be moved into the City of Canadian. An existing mobile home, as defined by this article, is allowed unless and until moved from its current location (Ordinance 557 10/20/03).

---

[1]The year of manufacture of the mobile home is highly contested, however, for purposes of this opinion we will treat the mobile home in question as having been manufactured prior to June 15, 1976. The serial number of the mobile home in question is also contested but is not germane to our discussion and holding.

[2]The year and date of manufacture controls whether or not the home in question is viewed as a "Mobile Home" or a "HUD-Code Manufactured Home."

The City passed the ordinance in question as a result of adoption of the Texas Manufactured Housing Act. See TEX. OCC. CODE ANN. § 1201.001 (Vernon 2004)[3]. Section 1201.008 of the Act provides, in pertinent part:

> (a) A municipality may prohibit the installation of a mobile home for use as a dwelling in the municipality. The prohibition must be prospective and may not apply to a mobile home previously legally permitted by and used as a dwelling in the municipality.

Despite the prior approval of a permit to move the mobile home, the City sought and, after a non-jury trial, obtained an injunction prohibiting Parker from violating the city ordinance in question and giving her 90 days to remove her mobile home.

Parker appealed the ruling of the trial court. Parker complains that the trial court erred in: 1) failing to file findings of fact and conclusions of law; 2) failing to find the mobile home was "grandfathered" pursuant to § 1201.008; 3) granting the injunction against the mobile home because such action was in contravention to the prohibition against retroactive application of § 1201.008; 4) granting the injunction because the City was collaterally estopped from enforcing the ordinance; 5) issuing the injunction because, as applied, the enforcement of the ordinance was not a proper use of the City's police powers; and 6) enforcement of the ordinance by the City against Parker amounted to discriminatory enforcement denying Parker equal protection. Because of our holding, we need only address Parker's second and third issues.

---

[3] Further reference to the Texas Occupation Code shall be by reference to "section ___" or "§ ___."

3

Discussion

The record at trial demonstrated that Parker's mobile home had been located within the limits of the City since 1999. Further, the City agrees that the use of the mobile home within the city limits was a "pre-existing non-conforming use" and, therefore, was not subject to the prohibition of § 14.415 of the city code. According to the City, the act that resulted in a violation of the code was moving the mobile home from the Mobeetie Street address to the Elliott Street address. Parker opines that since the prior use of the mobile home was not subject to the prohibition of the city code, and the City's ordinance in question is predicated upon § 1201.008, any injunctive relief the City was entitled to must be supported by § 1201.008. We view this as challenging the City's construction of § 1201.008 and will, therefore, analyze the statute for the correct construction. In short, Parker contends that the City's construction of the statute is overbroad.

Statutory construction presents a question of law, which is reviewed by a *de novo* standard of review. City of Garland v. Dallas Morning News, 22 S.W.3d 351, 357 (Tex. 2000). Our primary objective in construing a statute is to give effect to the legislature's intent. Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 438 (Tex. 1997). The starting point in determining the legislature's intent is the plain language used in the statute. See Bragg v. Edwards Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002). We ascribe to this language its plain and common meaning and presume that the language used expresses the legislature's intent. Nat'l Liab. and Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000). If a statute is clear and unambiguous, we generally interpret the statute according to its common meaning without resort to rules of construction or extraneous evidence.

4

State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006).  However, we may consider other matters in ascertaining legislative intent, including the objective of the law, its history, and the consequences of a particular construction.  Id.

In reviewing the plain language of § 1201.008, it is clear that the statute's application is intended to be prospective. See § 1201.008(a).  However, this observation begs the question of prospective as to what?  The second phrase of the sentence requiring prospective application attempts to answer that question.  "The prohibition must be prospective and may not apply to a **mobile home** previously legally permitted by and used as a dwelling in the **municipality**." Id. (emphasis added).  The prohibition is not allowing the installation of a mobile home for use as a dwelling.  This prohibition does not apply to a mobile home previously legally permitted.  Further, the previous permit is as to the municipality in question.  Therefore, by its own terms the statute does not address the subsequent permitting of a mobile home when the same is moved from one address within the municipality to another.

It is axiomatic that the legislature is presumed to know and understand the language it uses in the statutes it passes.  See Laidlaw Waste Sys. v. City of Wilmer, 904 S.W.2d 656, 659 (Tex. 1995).  Further, that words excluded from the statute must be presumed to have been excluded for a purpose. Id.  The words excluded, within the plain meaning of the statute at issue, are those present in the city code used to support the injunction. Section 14.415 includes the following sentence, "An existing mobile home, as defined by this article, is allowed unless and until moved from its current location."  Had the legislature

5

intended for §1201.008 to be applied in that same manner they could have well included the language. That the legislature did not include similar language is indicative that the statute was not meant to be so applied. See <u>Laidlaw</u>, 904 S.W.2d at 659. Accordingly, we find that the City's interpretation of § 1201.008 is overbroad and cannot support injunctive relief against Parker.

The City's petition for injunctive relief relies exclusively on the authority granted municipalities under § 1201.008. If that authority is lacking, then the injunction should not have been granted. Our construction of § 1201.008 results in a finding that the authority of the City to obtain an injunction against Parker, under the operative facts of this case, is lacking. Therefore, we sustain Parker's second and third issues.

## Conclusion

Having sustained Parker's second and third issues, we reverse the judgment of the trial court, dissolve the injunction, and deny any further relief to the City.

Mackey K. Hancock
Justice

6