**Petition for Writ of Mandamus Denied; Supplemental Majority and Concurring Memorandum Opinions on Rehearing filed February 3, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00875-CV

## IN RE WILMA REYNOLDS, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
300th District Court
Brazoria County, Texas
Trial Court Cause No. 48170

## SUPPLEMENTAL MAJORITY MEMORANDUM OPINION ON REHEARING

We deny relator's motion for rehearing and issue this supplemental opinion on rehearing.

On October 31, 2014, relator Wilma Reynolds filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable

Jeff Walker, visiting judge of the 300th District Court of Brazoria County, to set aside his October 29, 2014 orders (1) denying relator's objection to the assigned judge; (2) denying relator's motion to recuse Judge C.G. Dibrell; (3) denying relator's motion to recuse Judge Randy Clapp; and (4) imposing sanctions against relator. We deny the petition.[1]

## I. BACKGROUND

The underlying divorce proceeding has involved seven judges. Some have recused themselves; others have been the subject of recusal motions and objections filed by Wilma.[2]

Judge Randall Hufstetler, the presiding judge of the 300th District Court, was the original judge to hear the underlying case. However, the Associate Judge of the 300th District Court James Robertson was the first judge to voluntarily recuse himself without a motion being presented. This occurred when several motions were set to be heard at a hearing on January 20, 2011. Judge Hufstetler was out sick that day, and Judge Robertson reset the motions to be heard at a later date, and recused himself from the underlying case.[3]

---

[1] We previously denied Wilma's petition for writ of mandamus for not providing a sufficient record. *See In re Reynolds*, No. 14-14-00875-CV, 2014 WL 7171982 (Tex. App.—Houston [14th Dist.] Dec. 16, 2014, orig. proceeding) (mem. op.). Wilma filed a motion for rehearing with a supplemental petition to address the deficiency in the record.

[2] In our prior opinion, we stated that this case had involved six judges. However, the record did not reflect that the associate judge had heard the case.

[3] Judge Robertson recused himself, explaining:

[B]ecause I anticipate [that] if I do anything else on this case, it's going to be novo'd up anyway. It'd be a waste of time for the Court. . . . So, I'm going to have [Judge Hufstetler] hear everything from here on out on it because I just don't want to waste any more money.

2

On December 21, 2011, Wilma filed a "pro se" letter in the Fourteenth Court of Appeals addressed to the chief justice and justices. In the two-page letter, Wilma made allegations regarding Judge Hufstetler's purported lack of impartiality. On January 10, 2012, Judge Hufstetler recused himself from the underlying case and requested that Regional Presiding Judge Olen Underwood assign a visiting judge.[4]

On January 25, 2012, Judge Underwood assigned Judge Daniel Sklar to the underlying case. On November 18, 2013, Wilma filed "Petitioner's Motion to Recuse" moving to recuse Judge Sklar based on her contention that he lacked impartiality. *See* Tex. R. Civ. P. 18a, 18b. Wilma also filed a copy of the motion to recuse Judge Sklar in this court on November 18, 2013, with an original proceeding. Attached to Wilma's motion to recuse Judge Sklar was a pro se letter dated October 18, 2013, addressed to the State Commission on Judicial Conduct; the justices of the Texas Supreme Court; Judge Underwood; and the justices of this court. Wilma's letter challenged Judge Sklar's impartiality and requested that the State Commission on Judicial Conduct investigate her allegations against Judge Sklar. On December 2, 2013, Judge Sklar recused himself from the underlying case.

On January 13, 2014, Judge Underwood assigned Judge C.G. "Trey" Dibrell to the case. On September 18, 2014, Wilma filed "Respondent's Motion to Recuse" which was a single motion seeking recusal of both Judge Dibrell and Judge Underwood pursuant to Rules 18a and 18b.

---

[4] Judge Hufstetler's stated reason was the ex parte communication by Wilma and her counsel to this court.

On September 29, 2014, Judge Underwood signed (1) an order assigning Judge Randy Clapp to hear Wilma's motion to recuse Judge Dibrell; and (2) denied the motion to recuse himself.

On September 30, 2014, Wilma filed her "Objections to Assignment of Judge Randy M. Clapp to Hear Wilma Reynold's Motion to Recuse." In that same document, Wilma also objected to "Judge Underwood's involvement to [sic] any assignment in relation to her Motion to Recuse" and requested that he refer the case to the Chief Justice of the Texas Supreme Court for assignment.

The following day, October 1, 2014, Wilma filed "Motion to Recuse Judge Randy M. Clapp" pursuant to Texas Rules of Civil Procedure 18a and 18b. Wilma sought to recuse Judge Underwood in the motion filed on October 1, 2014. The reporter's record of the October 1, 2014 hearing before Judge Clapp reflects that he denied Wilma's motion to recuse him and referred the motion to Judge Underwood. Judge Clapp also signed an order denying the motion to recuse and referred the case to Judge Underwood. On October 2, 2014, Judge Underwood denied Wilma's motion to recuse himself.[5]

---

[5] Judge Underwood's October 2, 2014 order stated, in relevant part:

> The previous Order Denying Recusal was abundantly clear about this position. There is no statute or rule that requires recusal in fulfilling this mandate. Texas Rules Civil Procedure Rule 18a(g)(l) states:
>
> (g) *Duties of Regional Presiding Judge.*
>
>> (1) Motion. The regional presiding judge must rule on a referred motion or assign a judge to rule. If a party files a motion to recuse or disqualify the regional presiding judge, the regional presiding judge may still assign a judge to rule on the original, referred motion.

4

On October 24, 2014, Judge Underwood assigned Judge Jeff Walker to hear Wilma's motions to recuse Judge Dibrell and Judge Clapp, and set the hearing for October 29, 2014. On October 27, 2014, Wilma filed her motion entitled "Objection to Assignment of Senior Judge Jeff Walker…" and objected under section 74.053 of the Texas Government Code to the assignment of Judge Walker to hear the motions to recuse Judge Dibrell and Judge Clapp. *See* Tex. Gov't Code Ann. § 74.053(b) (West 2013). Wilma contended that this was her first objection lodged under section 74.053, and requested that the Chief Justice of the Texas Supreme Court consider, or assign a judge to hear, the motions to recuse.

On October 29, 2014, Judge Walker denied Wilma's objection to his assignment because he concluded that her objection to him was the second Chapter 74 objection she had filed in the case. Judge Walker also denied the motions to recuse Judge Dibrell and Judge Clapp; he ordered Wilma and her attorney to pay attorney's fees to her husband and to the amicus attorney as sanctions.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and

---

The motion brings no valid grounds for recusal and the Court finds it essential to correct Movant and Movant's Counsel in their filing of the present Motion to Recuse. The Court finds that the motion itself has been clearly brought for unnecessary delay, constitutes a wasting of judicial time and resources, and has hindered the trial Court from its mandated mission. Such obstructive behaviors bring reproach to the profession of law, and are worthy of reprimand. The Court will take under advisement the consideration of sanctions.

5

unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). If the relator establishes that disqualification of the visiting judge was mandated upon a proper objection, she need not show the lack of an adequate remedy by appeal. *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex. 1997) (orig. proceeding).

## III. ANALYSIS

Wilma contends that her objection to Judge Walker was her first Chapter 74 objection. *See* Tex. Gov't Code Ann. § 74.053. The key provision, entitled "Objection to Judge Assigned to a Trial Court," provides as follows:

(a) When a judge is assigned to a trial court under this chapter:

(1) the order of assignment must state whether the judge is an active, former, retired, or senior judge; and

(2) the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed not later than the seventh day after the date the party receives actual notice of the assignment or before the date the first hearing or trial, including pretrial hearings, commences, whichever date occurs earlier. The

presiding judge may extend the time to file an objection under this section on written motion by a party who demonstrates good cause.

(d) An assigned judge or justice who was defeated in the last primary or general election for which the judge or justice was a candidate for the judicial office held by the judge or justice may not sit in a case if either party objects to the judge or justice.

(e) An active judge assigned under this chapter is not subject to an objection.

(f) For purposes of this section, notice of an assignment may be given and an objection to an assignment may be filed by electronic mail.

(g) In this section, "party" includes multiple parties aligned in a case as determined by the presiding judge.

Tex. Gov't Code Ann. § 74.053.

If an objection is timely made, the assigned judge's disqualification is automatic and all of the judge's subsequent orders are void. Tex. Gov't Code Ann. § 74.053(b); *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding). A party is allowed one objection to an assigned judge; no limit applies to a former judge "who was defeated in the last primary or general election for which the judge or justice was a candidate for the judicial office held . . . ." Tex. Gov't Code Ann. § 74.053(b), (d); *see also Mitchell Energy Corp.*, 943 S.W.2d at 437. Under subsection (e), "An active judge assigned under this chapter is not subject to an objection." Tex. Gov't Code Ann. § 74.053(e).

Wilma filed recusal motions against four of the seven judges—Sklar, Dibrell, Clapp, and Underwood. Wilma did not file recusal motions against Judge Robertson or Judge Hufstetler, both of whom recused without motions having been

7

filed. Wilma filed "objections" to the assignment of Judge Clapp. However, "an active judge assigned under this chapter is not subject to an objection." Tex. Gov't Code Ann. § 74.053(e). Judge Clapp is an elected judge and, therefore, is not subject to an objection under section 74.053(e). *See id.*[6]

Wilma also objected to Judge Underwood in the same document in which she objected to Judge Clapp. Wilma "reiterate[d] her objections to Judge Underwood's involvement to [sic] any assignment in relation to her *Motion to Recuse*." There is room to discuss whether Wilma's Chapter 74 objection to Judge Clapp counted toward section 74.053(b)'s limit regardless of its effectiveness under section 74.053(e). Even assuming for argument's sake that the section 74.053 objection lodged against Judge Clapp on September 30, 2014 was not effective for purposes of section 74.053(b)'s one-objection limit, the September 30, 2014 objection to Judge Underwood nonetheless was effective for this purpose. Thus, Wilma's October 27, 2014 objection to Judge Walker was her second pursuant to section 74.053. Because Wilma's objection to Judge Walker's assignment was an impermissible second objection, he had no duty to sustain Wilma's objection to his assignment. Therefore, his orders (1) denying the

---

[6] *See also Bitter v. Comm'n for Lawyer Discipline*, Nos. 02-12-00197-CV, 02-12-00198-CV, 02-12-00199-CV, 2014 WL 1999315, at *10 (Tex. App.—Fort Worth May 15, 2014, no pet.) (mem. op.) (observing that "a judge appointed under this chapter is not subject to objection if the judge is an active judge"); *Kaminetzky v. Dosohs I, Ltd.*, No. 14-03-00567-CV, 2004 WL 1116960, at *4 n.3 (Tex. App.—Houston [14th Dist.] May 20, 2004, no pet.) (mem. op.) (noting that the parties did not explain how section 74.053 mandated the automatic disqualification of an elected judge and holding that the appellant's complaints about an elected judge presiding over the appeal to the county court were without merit); *In re Newby*, No. 07-03-0506-CV, 2003 WL 22962184, at *1 (Tex. App.—Amarillo Dec. 16, 2003, orig. proceeding) (mem. op.) (observing that, because the assigned judge was a "duly elected, active district court judge," his assignment to hear the motion to recuse was not subject to objection).

objection to his assignment; (2) denying the motion to recuse Judge C.G. Dibrell; (3) denying the motion to recuse Judge Randy Clapp; and (4) imposing sanctions are not void. *Cf. Canales*, 52 S.W.3d at 701 ("When an assigned judge overrules a timely objection to his assignment, all of the judge's subsequent orders are void and the objecting party is entitled to mandamus relief.").

## IV. CONCLUSION

We conclude that, because Wilma's objection to Judge Walker's assignment as a visiting judge was her second objection under section 74.053, Judge Walker was not required to sustain Wilma's objection to his assignment. Wilma has failed to show that she is entitled to mandamus relief. Accordingly, we deny her petition for writ of mandamus.

/s/     John Donovan
Justice

Panel consists of Justices Boyce, Jamison, and Donovan (Jamison, J., concurring).