ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 16, 2006

Mr. Albert Hawkins
Executive Commissioner
Texas Health and Human Services
   Commission
Post Office Box 13247
Austin, Texas 78711

Opinion No. GA-0416

Re: Whether section 533.035(e) of the Health and Safety Code, which provides that "a local mental health and mental retardation authority may serve as a provider of services only as a provider of last resort," applies to both mental health services and mental retardation services or only to mental retardation services (RQ-0392-GA)

Dear Commissioner Hawkins:

The Health and Safety Code authorizes the Texas Health and Human Services Commission and the relevant state agencies[1] to "delegate to the local authorities . . . authority and responsibility for the planning, policy development, coordination, . . . and oversight of mental health and mental retardation services" in local service areas. *See* TEX. HEALTH & SAFETY CODE ANN. § 533.035(a) (Vernon Supp. 2005). Section 533.035(e) of the Health and Safety Code provides that "[i]n assembling a network of service providers, a local mental health and mental retardation authority may serve as a provider of services only as a provider of last resort" and only under certain conditions. *See id.* § 533.035(e). You ask whether this limitation applies to both mental health services and mental retardation services or only to mental retardation services.[2]

As background to your request, you relate that the legislature extensively amended provisions governing the delivery of mental health and mental retardation services in House Bill 2292. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 198, 2003 Tex. Gen. Laws 611. In particular, you note that House Bill 2292 amended section 533.035 of the Health and Safety Code to add subsections (e) and (g). *See id.* § 2.74, at 676. As amended, section 533.035(e)–(g) now provides:

---

[1]Prior to 2003, the Texas Department of Mental Health and Mental Retardation (TDMHMR) and its governing body, the Board of Mental Health and Mental Retardation, administered both mental health services and mental retardation services. In 2003, the legislature abolished TDMHMR and assigned mental health services to the Texas Department of State Health Services and mental retardation services to the Texas Department of Aging and Disability Services. The Texas Health and Human Services Commission supervises both agencies. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 198, §§ 1.01–.03, 1.19(a)(2), 1.20(a)(3), 1.26, 2003 Tex. Gen. Laws 611, 611–14, 636–38, 641.

[2]*See* Letter from Albert Hawkins, Executive Commissioner, Texas Health and Human Services Commission, to Honorable Greg Abbott, Attorney General of Texas, at 1, 5 (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

(e) In assembling a network of service providers, a local mental health and mental retardation authority may serve as a provider of services only as a provider of last resort and only if the authority demonstrates to the department that:

(1)  the authority has made every reasonable attempt to solicit the development of an available and appropriate provider base that is sufficient to meet the needs of consumers in its service area; and

(2)  there is not a willing provider of the relevant services in the authority's service area or in the county where the provision of the services is needed.

(f)  The department shall review the appropriateness of a local mental health and mental retardation authority's status as a service provider at least biennially.

(g)  The department, together with local mental health and mental retardation authorities and other interested persons, shall develop and implement a plan to privatize all services by intermediate facilities for persons with mental retardation and all related waiver services programs operated by an authority. The transfer of services to private providers may not occur on or before August 31, 2006. The plan must provide criteria that:

(1)  promote the transition of services to private providers in a manner that causes the least disruption practicable to the consumers of those services;

(2)  ensure the continuation of services at the same level of service provided before the transfer;

(3)  provide for consumer choice as appropriate and as required by rule; and

(4)  require local mental health and mental retardation authorities to implement the privatization of services in a fiscally responsible manner.

TEX. HEALTH & SAFETY CODE ANN. § 533.035(e)–(g) (Vernon Supp. 2005).[3]

---

[3]Section 533.035 has not been amended since 2003. The Seventy-ninth Legislature adopted amendments to section 533.035 in House Bill 2572, but that bill was subsequently vetoed by the Governor. *See* Tex. H.B. 2572, 79th Leg., R.S. (2005); Veto Proclamation of Gov. Perry, Tex. H.B. 2572, 79th Leg., R.S. (2005). *See also infra* note 16.

You explain that because section 533.035(g) addresses the delivery of mental retardation services and not mental health services,[4] there is "some disagreement regarding the scope of subsection (e)."[5] You ask us to resolve whether section 533.035(e) applies to both mental retardation services and mental health services or only to mental retardation services.[6]

In construing section 533.035(e), we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 2005); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do so, we must construe the statute according to its plain language. *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607–08 (Tex. 1985). We must also construe section 533.035(e) in context, considering section 533.035 as a whole and in light of other statutes that govern the delivery of mental health and mental retardation services. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (words and phrases to be read in context); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e must always consider the statute as a whole rather than its isolated provisions. . . . We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone.").

Section 533.035(a) provides for the designation of local mental health authorities, local mental retardation authorities, and single entities to serve in both capacities:

> The commissioner shall designate a local mental health authority and a local mental retardation authority in one or more local service areas. The board may delegate to the local authorities the board's authority and responsibility for the planning, policy development, coordination, including coordination with criminal justice entities, resource allocation, and resource development for and oversight of mental health and mental retardation services in the most appropriate and available setting to meet individual needs in that service area. The commissioner may designate a single entity as the local mental health authority and the local mental retardation authority for a service area.

TEX. HEALTH & SAFETY CODE ANN. § 533.035(a) (Vernon Supp. 2005).[7] State and federal funds

---

[4]*See* Request Letter, *supra* note 2, at 3–5.

[5]*Id.* at 5.

[6]*See id.* at 3–5.

[7]In addition, section 531.002 defines the terms "local mental health authority" and "local mental retardation authority":

> (10) "Local mental health authority" means an entity to which the board delegates its authority and responsibility within a specified region for planning,

(continued...)

may be disbursed to a local mental health and mental retardation authority (or "local authority") to be spent in the local service area on community mental health and mental retardation services and chemical dependency services for persons who are dually diagnosed as having both chemical dependency and mental illness or mental retardation. *See id.* § 533.035(b)(1)–(2).

Section 533.035(e) provides that "a local mental health and mental retardation authority may serve as a provider of services only as a provider of last resort." *Id.* § 533.035(e). The Health and Safety Code expressly provides distinct definitions for the terms "mental health services" and "mental retardation services" for purposes of chapter 533.[8] The term "services" in section 533.035(e) is not expressly limited to mental retardation services and thus, on its face, means mental retardation services and mental health services.

Moreover, section 533.035(c) provides as follows:

> (c) A local mental health and mental retardation authority, with the department's approval, shall use the funds received under Subsection (b) to ensure *mental health, mental retardation, and chemical dependency services* are provided in the local service area. The local authority shall consider public input, ultimate cost-benefit, and client care issues to ensure consumer choice and the best use of public money in:
>
> (1) assembling *a network of service providers*; and

---

[7](...continued)

policy development, coordination, including coordination with criminal justice entities, and resource development and allocation and for supervising and ensuring the provision of mental health services to persons with mental illness in the most appropriate and available setting to meet individual needs in one or more local service areas.

(11) "Local mental retardation authority" means an entity to which the board delegates its authority and responsibility within a specified region for planning, policy development, coordination, including coordination with criminal justice entities, and resource development and allocation and for supervising and ensuring the provision of mental retardation services to persons with mental retardation in the most appropriate and available setting to meet individual needs in one or more local service areas.

TEX. HEALTH & SAFETY CODE ANN. § 531.002(10)–(11) (Vernon 2003). *See also supra* note 1.

[8]*See id.* § 531.002(12) ("'Mental health services' includes all services concerned with research, prevention, and detection of mental disorders and disabilities, and all services necessary to treat, care for, control, supervise, and rehabilitate persons who have a mental disorder or disability, including persons whose mental disorders or disabilities result from alcoholism or drug addiction."), (13) ("'Mental retardation services' includes all services concerned with research, prevention, and detection of mental retardation, and all services related to the education, training, habilitation, care, treatment, supervision, and control of persons with mental retardation, but does not include the education of school-age persons that the public educational system is authorized to provide.").

> (2) making recommendations relating to the most appropriate and available treatment alternatives for individuals in need of mental health or mental retardation services.

*Id.* § 533.035(c) (emphasis added). The term "services" in section 533.035(c) includes both mental health services and mental retardation services and the term "network of service providers" in section 533.035(c)(1) includes providers of both types of services. *See id.* Section 533.035(e) uses the same terms and the terms have the same meaning as they have in section 533.035(c): "In assembling a *network of service providers*, a local mental health and mental retardation authority may serve as a provider of *services* only as a provider of last resort . . . ." *Id.* § 533.035(e) (emphasis added).

With respect to the 2003 amendments, you are particularly concerned about section 533.035(g), which the legislature also added to section 533.035 in House Bill 2292 and which imposes specific requirements for the privatization only of mental retardation services, not mental health services. *See id.* § 533.035(g); Request Letter, *supra* note 2, at 3–5. It has been suggested that the legislature's adoption of section 533.035(g) indicates that the legislature did not intend section 533.035(e) to affect whether a local authority may provide mental health services directly.[9] However, the fact that the legislature adopted specific requirements for privatizing mental retardation services does not resolve whether the legislature intended section 533.035(e) to affect the provision of mental health services by a local authority.

Your letter and the other briefs we have received[10] do not mention House Bill 2292's amendment to section 533.035(c), which we believe expressly reveals the legislature's intent with respect to section 533.035(e)'s scope. Prior to the 2003 amendment, section 533.035(c) provided as follows:

> (c) A local mental health and mental retardation authority, with the department's approval, shall use the funds received under Subsection (b) *to ensure mental health, mental retardation, and chemical dependency services* are provided in the local service area. The local authority shall consider public input, ultimate cost-benefit, and client care issues to ensure consumer choice and the best use of public money in:
>
> (1) assembling a network of *service providers*;

---

[9]*See* Request Letter, *supra* note 2, at 5; *see also* Brief from Brian Crews, General Counsel, The Texas Council of Community Mental Health and Mental Retardation Centers, Inc. (the "TCCMHMRC"), to Honorable Greg Abbott, Attorney General of Texas, at 2 (Oct. 18, 2005) [hereinafter TCCMHMRC Brief]; Letter from Honorable Tom Vandergriff, Tarrant County Judge, to Honorable Greg Abbott, Attorney General of Texas (Oct. 19, 2005); Brief from Michael R. Crowe, Brown McCarroll, L.L.P., to Honorable Greg Abbott, Attorney General of Texas, at 1 (Oct. 19, 2005) [hereinafter Brown McCarroll Brief] (briefs and letter on file with the Opinion Committee).

[10]*See* Briefs cited, *supra* note 9.

> *(2) determining whether to become a provider of a service or to contract that service to another organization;* and

> (3) making recommendations relating to the most appropriate and available treatment alternatives for individuals in need of mental health or mental retardation services.

*See* TEX. HEALTH & SAFETY CODE § 533.035(c), *as added by* Act of Apr. 29, 1991, 72d Leg., R.S., ch. 76, § 1, 1991 Tex. Gen. Laws 515, 532 (effective September 1, 1991), *amended by* Act of Apr. 28, 1993, 73d Leg., R.S., ch. 107, § 6.03, 1993 Tex. Gen. Laws 195, 236 (effective August 30, 1993), Act of May 26, 1995, 74th Leg., R.S., ch. 821, § 8, 1995 Tex. Gen. Laws 4193, 4195 (effective September 1, 1995), Act of May 11, 2001, 77th Leg., R.S., ch. 367, § 3, 2001 Tex. Gen. Laws 671, 673 (effective September 1, 2001) (emphasis added). This provision clearly addressed not just mental retardation services but also mental health and chemical dependency services. *See id.* Significantly, House Bill 2292 deleted section 533.035(c)(2), which had charged a local authority with considering various factors in "determining whether to become a provider of a service or to contract that service to another organization."[11] With this amendment, the only factors relevant to whether a local authority may provide services directly are those listed in section 533.035(e)(1)–(2). The fact that the legislature deleted section 533.035(c)(2) altogether rather than modifying it to exclude mental retardation services indicates that the legislature intended House Bill 2292 to limit the extent to which local authorities may be providers of all the services listed in section 533.035(c), not just mental retardation services. This change to section 533.035(c) strongly supports the conclusion that the legislature intended section 533.035(e) to address mental health as well as mental retardation services.[12]

It has also been suggested that the legislature could not have intended the House Bill 2292 amendment to section 533.035(e) to apply to mental health services because House Bill 2292 also adopted section 533.0354 of the Health and Safety Code.[13] In pertinent part, section 533.0354 requires a local mental health authority to "ensure the provision of" certain services that meet specified treatment criteria[14] and "to incorporate jail diversion strategies into the authority's disease

---

[11]*See* Act of June 2, 2003, 78th Leg., R.S., ch. 198, § 2.74, 2003 Tex. Gen. Laws 611, 676.

[12]The House Bill 2292 amendment to section 535.002(b) of the Health and Safety Code also supports the conclusion that the legislature intended to limit local authorities' ability to provide mental health services. *See id.* § 2.82A, at 680 (amending section 535.002(b) to prohibit the department from using a local mental health or mental retardation authority to provide certain services if other providers are available) (effective September 1, 2006).

[13]*See id.* § 2.75, at 676–77; *see also* Brown McCarroll Brief, TCCMHMRC Brief, *supra* note 9.

[14]*See* TEX. HEALTH & SAFETY CODE ANN. § 533.0354(a) (Vernon Supp. 2005) ("A local mental health authority shall ensure the provision of assessment services, crisis services, and intensive and comprehensive services using disease management practices for adults with bipolar disorder, schizophrenia, or clinically severe depression and for children with serious emotional illnesses. The local mental health authority shall ensure that individuals are engaged with treatment services that are: (1) ongoing and matched to the needs of the individual in type, duration, and intensity; (2) focused on a process of recovery designed to allow the individual to progress through levels of service; (3) guided by

(continued...)

management practices for managing adults with schizophrenia and bipolar disorder to reduce the involvement of those client populations with the criminal justice system."[15] You do not ask us to construe section 533.0354 and we do not do so here. We only note that section 533.0354 does not require us to construe section 533.035(e) contrary to the latter section's plain language and the legislature's simultaneous amendment of section 533.035(c). For example, section 533.0354 requires a local mental health authority to "ensure the provision of" certain services. *See* TEX. HEALTH & SAFETY CODE ANN. § 533.0354(a) (Vernon Supp. 2005). It does not necessarily require a local mental health authority itself to provide the services; arguably, a local authority could fulfill its duty under the statute by contracting with other organizations to provide the required services. A local mental health authority that is able to make the showing required by section 533.035(e)(1)–(2) could fulfill its duty under section 533.0354 by stepping in as a provider of last resort.

For these reasons, we conclude that section 533.035(e) limits a local mental health and mental retardation authority to serving as a provider of mental health services only as a provider of last resort.[16]

It has been suggested that if section 533.035(e) is construed to limit a local authority to acting as a provider of last resort for mental health services, then it conflicts with statutes governing access to mental health services.[17] However, none of these statutes appears to require that mental health services be provided by a local authority as opposed to other organizations.[18] Moreover, before the

---

[14](...continued)
evidence-based protocols and a strength-based paradigm of service; and (4) monitored by a system that holds the local authority accountable for specific outcomes, while allowing flexibility to maximize local resources.").

[15]*See id.* § 533.0354(b).

[16]In 2005 the legislature adopted House Bill 2572, which amended section 533.035(e) to clarify the extent to which a local mental health authority may directly provide mental health services. *See* Tex. H.B. 2572, § 2, 79th Leg., R.S. (2005). Bill analyses indicate that House Bill 2572 was intended to resolve the issue you raise in this request. *See* SENATE RESEARCH CENTER, SENATE COMM. ON HEALTH & HUMAN SERVICES, BILL ANALYSIS, Tex. H.B. 2572, 79th Leg., R.S. (2005) ("These provisions were amended by H.B. 2292, 78th Texas Legislature, in a manner which restricted the types of services that can be provided by local mental health and mental retardation authorities. These changes adversely affected the local service delivery structure in ways that were not anticipated when the legislation was enacted. Over the past two years, representatives of the public and private sector have worked to resolve these problems, and H.B. 2572 is the result of those efforts."); *see also* HOUSE COMM. ON HUMAN SERVICES, BILL ANALYSIS, Tex. H.B. 2572, 79th Leg., R.S. (2005); SENATE COMM. ON HEALTH & HUMAN SERVICES, BILL ANALYSIS, Tex. H.B. 2572, 79th Leg., R.S. (2005). As noted above, however, the Governor vetoed House Bill 2572, *see* Veto Proclamation, *supra* note 3, and requested by executive order that the executive commissioner of the Health and Human Services Commission "immediately request clarification from [this office] as to the applicability of Section 533.035(e) through (g) of the Health and Safety Code to the provision of mental health services," Tex. Gov. Exec. Order No. RP 45, 30 Tex. Reg. 1709 (2005), *also available at* http://www.governor.state.tx.us/divisions/press/exorders/rp45 (last visited Feb. 2, 2006).

[17]*See* Brown McCarroll Brief, *supra* note 9, at 2–4.

[18]*See, e.g.*, 42 U.S.C. § 1396a(23)(A) (2000) (requiring a state Medicaid plan to permit participants to select providers); TEX. HEALTH & SAFETY CODE ANN. § 571.004 (Vernon 2003) (requiring treatment in least restrictive appropriate setting available).

adoption of House Bill 2292, section 533.035 did not require a local authority to provide mental health services. A local authority had express authority to choose whether to "become a provider of a service or to contract that service to another organization." TEX. HEALTH & SAFETY CODE § 533.035(c)(2), *as added by* Act of Apr. 29, 1991, 72d Leg., R.S., ch. 76, § 1, 1991 Tex. Gen. Laws 515, 532 (effective September 1, 1991), *amended by* Act of Apr. 28, 1993, 73d Leg., R.S., ch. 107, § 6.03, 1993 Tex. Gen. Laws 195, 236 (effective August 30, 1993), Act of May 26, 1995, 74th Leg., R.S., ch. 821, § 8, 1995 Tex. Gen. Laws 4193, 4195 (effective September 1, 1995), Act of May 11, 2001, 77th Leg., R.S., ch. 367, § 3, 2001 Tex. Gen. Laws 671, 673 (effective September 1, 2001).

### S U M M A R Y

Section 533.035(e) of the Health and Safety Code, which provides that in "assembling a network of service providers, a local mental health and mental retardation authority may serve as a provider of services only as a provider of last resort" and only under certain conditions, applies to both mental health services and mental retardation services.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee