

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

February 13, 2006

Eduardo J. Sanchez, M.D., M.P.H.
Commissioner
Texas Department of State Health Services
1100 West 49th Street
Austin, Texas 78756

Opinion No. GA-0399

Re: Whether section 241.154(b) of the Health and Safety Code or section 408.025(d) of the Labor Code governs the fees a hospital may charge a workers' compensation carrier to provide certain records in a workers' compensation proceeding (RQ-0382-GA)

Dear Commissioner Sanchez:

You ask, in essence, whether section 241.154(b) of the Health and Safety Code or section 408.025(d) of the Labor Code governs the fees a hospital may charge a workers' compensation carrier to provide certain records in a workers' compensation proceeding.[1]

## I.     Legal and Factual Background

Generally, hospitals licensed under chapter 241 of the Health and Safety Code are required to provide health information upon proper authorization according to the fee schedule set out in section 241.154(b) of that code. *See* TEX. HEALTH & SAFETY CODE ANN. § 241.154(a) (Vernon 2001) (circumstances under which health care information must be released), (b) ("Except as provided by Subsection (d), the hospital or its agent may charge a reasonable fee for providing the health care information and is not required to permit the examination, copying, or release of the information requested until the fee is paid unless there is a medical emergency."), (b)(1)-(2) (fee schedule).[2] However, section 241.154(d)(4) provides that "[a] hospital may not charge a fee for

[1]*See* Letter from Commissioner Eduardo J. Sanchez, M.D., M.P.H, Texas Department of State Health Services, to Honorable Greg Abbott, Attorney General of Texas at 2 (Aug. 17, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

We limit our analysis to the fees charged for releasing records to a workers' compensation carrier. We do not address fees for records requested by a patient or a patient's representative, which may be governed by federal law. *See* 45 C.F.R. § 164.524 (2005) (access of individuals to protected health information).

[2]Under chapter 241, the term "health care information" means "information recorded in any form or medium that identifies a patient and relates to the history, diagnosis, treatment, or prognosis of a patient." TEX. HEALTH &

(continued...)

... health care information relating to treatment or hospitalization for which workers' compensation benefits are being sought, except to the extent permitted under Chapter 408, Labor Code." *Id.* § 241.154(d)(4).

The Division of Workers' Compensation (the "Division") of the Texas Department of Insurance administers and operates the workers' compensation system of this state; the Division is administered by a commissioner (the "Commissioner").[3] Subchapter B of chapter 408 of the Labor Code establishes an injured employee's right to medical benefits: "An employee who sustains a compensable injury is entitled to all health care reasonably required by the nature of the injury as and when needed." TEX. LAB. CODE ANN. § 408.021(a) (Vernon 1996). The Division "shall require an employee to receive medical treatment from a doctor chosen from a list of doctors approved by the commissioner." *Id.* § 408.022(a) (Vernon Supp. 2005) ("treating doctor"). Treating doctors agree to certain terms and medical fees established by the Commissioner. *See id.* §§ 408.023-.030 (Vernon Supp. 2005), 413.011-.020 (Vernon 1996 & Supp. 2005).

Section 408.025, entitled "Reports and Records Required From Health Care Providers," authorizes the Commissioner and the Division to require records and reports and regulate fees for providing records:

> (a) The commissioner by rule shall adopt requirements for reports and records that are required to be filed with the division or provided to the injured employee, the employee's attorney, or the insurance carrier by a health care provider.

> (b) The commissioner by rule shall adopt requirements for reports and records that are to be made available by a health care provider to another health care provider to prevent unnecessary duplication of tests and examinations.

> (c) The treating doctor is responsible for maintaining efficient utilization of health care.

> (d) *On the request of* an injured employee, the employee's attorney, or *the insurance carrier, a health care provider shall furnish records relating to treatment or hospitalization for which compensation is being sought. The division may regulate the charge for furnishing a report or record,* but the charge may not be less than the fair and reasonable charge for furnishing the report or record. A health care provider may disclose to the insurance carrier of an affected employer

---

[2](...continued)
SAFETY CODE ANN. § 241.151(2) (Vernon Supp. 2005).

[3]In 2005, the legislature transferred the powers and duties of the Texas Workers' Compensation Commission to the Division of Workers' Compensation of the Texas Department of Insurance. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 1.003, 1.004, 8.001, 2005 Tex. Gen. Laws 469, 470-73, 607-08.

records relating to the diagnosis or treatment of the injured employee without the authorization of the injured employee to determine the amount of payment or the entitlement to payment.

*Id.* § 408.025 (Vernon Supp. 2005) (emphasis added). The former Workers' Compensation Commission adopted a rule under section 408.025(d) establishing a fee schedule. *See* 28 TEX. ADMIN. CODE § 133.106(f) (2005) (Tex. Dep't of Ins., Div. of Workers' Comp.). This rule has been continued in effect as a rule of the Commissioner.[4]

As factual background, you state that hospitals "frequently receive requests from workers' compensation carriers for copies of medical records pertaining to individuals who have been involved in work-related injuries and who are seeking workers' compensation benefits. Carriers often request any and all medical records pertaining to the injured worker regardless of whether such records were created in connection with the work-related injury." Request Letter, *supra* note 1, at 1. The fee schedule promulgated under section 408.025 of the Labor Code permits lower fees than the general fee schedule set forth in section 241.154 of the Health and Safety Code. *See id.* You explain that in a particular instance a hearing officer in an administrative hearing on a workers' compensation claim compelled a hospital to produce to the workers' compensation carrier's counsel all medical records related to the employee and ordered the hospital to charge fees under the section 408.025 fee schedule. *See id.* "Since the hospital was not a party to the workers' compensation proceeding, it was not permitted to appear at the contested case hearing to challenge the subpoena or to make a record so that an Appeals Panel could consider the issue." *Id.* You state that hospitals interpret section 408.025 to refer "only to *the records created in connection with the work-related injury*" whereas workers' compensation carriers interpret it broadly to refer to "any and all medical records relating to an injured worker who is seeking workers' compensation benefits." *Id.* at 2. A letter submitted with your request indicates that hospitals are particularly concerned about the fees they may charge for records "[c]reated prior to the work related injury" and records relating to treatment or hospitalization "for which workers' compensation benefits are not being sought."[5]

You pose two specific questions:

1. Whether a hospital licensed under [chapter] 241 of the Texas Health and Safety Code may charge retrieval and copying fees for [health] care information in accordance with [section] 241.154(b) of the Health and Safety Code when the requested records do <u>not</u> relate to

---

[4]*See id.* § 8.005(c), at 608-09.

[5]*See* Letter from Edwin L. Meador, Burford & Ryburn, L.L.P., to Marc Allen Connelly, Assistant General Counsel, Texas Department of State Health Services at 3 (Mar. 15, 2005) (on file with the Opinion Committee) (attachment to Request Letter).

It is the policy of this office to refrain from issuing an attorney general opinion on a question that we know to be the subject of pending litigation. *See* Tex. Att'y Gen. Op. Nos. MW-205 (1980) at 1, V-291 (1947) at 5-6; Tex. Att'y Gen. LA-142 (1977) at 1. Your letter does not indicate that the issues you raise are currently under adjudication. We answer your questions in general terms and not with respect to any particular proceeding.

treatment or hospitalization for which workers' compensation benefits are being sought, but are records relating to prior or subsequent treatment of conditions or injuries for which workers' compensation benefits are not being sought?

2. Whether the phrase "records relating to treatment or hospitalization for which workers' compensation benefits are being sought" that is set forth in . . . [section] 241.154(d)(4) and the corresponding phrase . . . "records relating to treatment or hospitalization for which compensation is being sought" that is promulgated by [Labor Code section] 408.025(d) were intended to refer to: (1) records created in connection with the treatment or hospitalization for which workers' compensation benefits are being sought; or (2) records relating to any treatment or hospitalization of an injured worker who is seeking workers' compensation benefits?

Request Letter, *supra* note 1, at 2.

## II.   Analysis

By providing that "[a] hospital may not charge a fee for . . . health care information relating to treatment or hospitalization for which workers' compensation benefits are being sought, except to the extent permitted under Chapter 408, Labor Code,"[6] section 241.154(d)(4) of the Health and Safety Code establishes that to the extent chapter 408 of the Labor Code governs fees for releasing records, the chapter 408 fees apply. Thus, the answers to your questions depend upon the extent to which section 408.025(d) of the Labor Code governs fees for furnishing records.

In construing section 408.025(d), we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 2005); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do so, we must construe the statute according to its plain language. *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985). We must also construe section 408.025(d) in context, considering section 408.025 as a whole and in light of other statutes that govern workers' compensation. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (words and phrases to be read in context); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e must always consider the statute as a whole rather than its isolated provisions. . . . We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone."). In addition, construction of a statute in the rules of the administrative agency charged with the statute's enforcement "is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute." *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993).

---

[6]TEX. HEALTH & SAFETY CODE ANN. § 241.154(d)(4) (Vernon 2001).

You wish to know, in essence, whether section 408.025(d) governs fees a hospital may charge a workers' compensation carrier for every medical record requested in a workers' compensation proceeding or for only those records created in connection with treating the employee's work-related injury. *See* Request Letter, *supra* note 1, at 2.

Section 408.025(d)'s operative language with respect to fees, its second sentence, authorizes the Division to "regulate the charge for furnishing *a report or record*." TEX. LAB. CODE ANN. § 408.025(d) (Vernon Supp. 2005) (emphasis added). In the context of the statute as a whole, the phrase "report or record" refers to the reports and records that section 408.025(a)-(b) authorizes the Division to require. Specifically, section 408.025(a) mandates the Commissioner by rule to adopt "requirements for *reports and records* that are required to be filed with the division or provided to the injured employee, the employee's attorney, or the insurance carrier by a health care provider." *Id.* § 408.025(a) (emphasis added). And section 408.025(b) charges the Commissioner with adopting rules establishing "requirements for *reports and records* that are to be made available by a health care provider to another health care provider to prevent unnecessary duplication of tests and examinations." *Id.* § 408.025(b) (emphasis added). In the context of section 408.025 as a whole, it is clear that the Division's authority to regulate fees applies to those reports or records created by a health care provider in connection with diagnosing and treating the work-related injury. If the legislature had intended section 408.025(d) to authorize the Division to establish the fees any health care provider may charge for releasing any and all medical records relevant to an employee's entitlement to compensation for a work-related injury, it would have authorized the Division to regulate fees not just for furnishing "a report or record" but also for providing any medical record requested in a worker's compensation proceeding.

The fee schedule adopted under section 408.025(d) also supports this limited construction of the Division's authority to regulate fees. The fee schedule is expressly limited to reports and records that health care providers are required to prepare and submit under the Division's rules. *See* 28 TEX. ADMIN. CODE § 133.106(f) (2005). Specifically, subchapter A of chapter 133 of the Division's rules, entitled "General Rules For Required Reports," defines the term "required medical report" to mean "[a] medical report, and/or narrative report that a health care provider submits in accordance with this title," *id.* § 133.1(14), and subchapter B, entitled "Required Reports" requires treating doctors and other providers to prepare reports documenting the diagnosis and treatment of the employee's injury, *see id.* §§ 133.100 (required medical reports), 133.104 (consultant medical reports prepared by consulting doctor referred by primary treating doctor), 133.105 (physical or occupational therapy reports).

Section 133.106(a)-(e), which precedes the fee schedule, also addresses required medical reports and other records directly related to diagnosing and treating the employee's injury:

> (a) The doctor shall charge the carrier no more than the fair and reasonable fee as specified in subsection (f) of this section for the *required medical reports listed in the preceding sections.*

> (b) If an insurance carrier requests *an additional report from the treating doctor*, the doctor may also charge the fair and reasonable fee

for the requested reports. It is the obligation of the carrier to furnish its auditors, or fourth party reviewers, with any necessary or needed copies of the required medical reports in order to ascertain the level of treatment given and the treatments or procedures performed.

(c) The injured employee, and the injured employee's representative, shall receive a copy of *required medical reports* from the health care provider without additional charge. If the injured employee's representative requests *further documentation*, such as medical records or clinic notes or a medical narrative other than the required reports, *the treating doctor* will be reimbursed for this additional information by the representative.

(d) The health care provider will not charge the commission for copies of any requested or required documents.

(e) *Narrative reports are defined as original documents explaining the assessment, diagnosis, and plan of treatment for an injured employee written or orally transcribed.* Narrative reports shall provide information beyond that required by prescribed report forms. The narrative reports should be no more than double-spaced on letter size paper. Clinical or progress notes do not constitute a narrative report.

*Id.* § 133.106(a)-(e) (emphasis added).

Significantly, section 133.106(f), which sets out the authorized fees, begins with this prefatory language: "The following are the fees the commission considers fair and reasonable for *each submitted required report or record under any section of this title.*" *Id.* § 133.106(f). The rule then specifies fees for required reports, narrative required reports, copies of reports or clinical notes, hospital records, microfilm, and copies of X-ray films. *See id.* § 133.106(f)(1)-(6). According to section 133.106(f)'s plain language, the fee schedule applies only to reports and other records required and submitted under Division rules. *See id.* § 133.106(f) (setting out fees "for each *submitted required* report or record under any section of this title") (emphasis added).

In addition, we note that when the Texas Workers' Compensation Commission adopted section 133.106 in 1991, it explained that the rule "sets out the fees that may be charged for the required medical reports listed in the preceding sections." 16 Tex. Reg. 178 (1991) (codified at 28 TEX. ADMIN. CODE § 133.106).

For these reasons, we conclude that section 408.025(d) of the Labor Code governs fees for furnishing reports and records a health care provider is required to prepare and submit under chapter 408 or the Division's rules.

You suggest that the answer to your question hinges on the meaning of section 408.025(d)'s first sentence, which provides: "On the request of an injured employee, the employee's attorney, or the insurance carrier, a health care provider shall furnish *records relating to treatment or hospitalization for which compensation is being sought.*" TEX. LAB. CODE ANN. § 408.025(d) (Vernon Supp. 2005) (emphasis added). While we believe the second sentence governs the fundamental issue you raise about fees and that the first sentence addresses a different issue, the duty to release records, we construe the first sentence because you specifically ask about its meaning.[7] Its plain language requires a health care provider to furnish records relating to treatment or hospitalization "for which compensation is being sought." *Id.* Under chapter 408, "[a]n employee who sustains a compensable injury is entitled to all health care reasonably required by the nature of the injury as and when needed." *Id.* § 408.021(a) (Vernon 1996). Because an employee is entitled to seek compensation only for treatment or hospitalization for care for the work-related injury, the phrase "records relating to treatment or hospitalization for which compensation is being sought" refers to records created in connection with caring for the work-related injury. Section 408.025(d)'s final sentence authorizing a health care provider to release records to an insurance carrier without the employee's authorization is limited to such records as well. *See id.* § 408.025(d) (Vernon Supp. 2005) ("A health care provider may disclose to the insurance carrier of an affected employer *records relating to the diagnosis or treatment of the injured employee* without the authorization of the injured employee *to determine the amount of payment or the entitlement to payment.*") (emphasis added).

You also ask about the meaning of the phrase "health care information relating to treatment or hospitalization for which workers' compensation benefits are being sought" in section 241.154(d)(4) of the Health and Safety Code. *See* Request Letter, *supra* note 1, at 2. This phrase is almost identical to the phrase "records relating to treatment or hospitalization for which compensation is being sought" in section 408.025(d). Given the similar language and section 241.154(d)(4)'s direct reference to chapter 408 of the Labor Code, the legislature clearly intended this phrase to have the same meaning as the parallel phrase in section 408.025(d). *See* TEX. HEALTH & SAFETY CODE ANN. § 241.154(d)(4) (Vernon 2001) ("except to the extent permitted under Chapter 408, Labor Code"). Therefore, we construe section 241.154(d)(4) to refer to records created in connection with treatment or hospitalization for the work-related injury. *See supra* p. 5 (construing Labor Code section 408.025(d)); *see also* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 2005) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.").

In sum, section 408.025(d) governs fees for furnishing reports and records a health care provider is required to prepare and submit under chapter 408 or the Division's rules. It does not govern fees for every medical record requested from any health care provider in a workers' compensation proceeding. A hospital licensed under chapter 241 of the Texas Health and Safety Code must charge a workers' compensation carrier fees authorized under section 408.025(d) of the Labor Code for furnishing reports and records a health care provider is required to prepare and submit under chapter 408 of the Labor Code or the Division's rules. A hospital that is requested by

---

[7]*See* Request Letter, *supra* note 1, at 2.

a workers' compensation carrier to provide other medical records in a workers' compensation proceeding may charge fees under section 241.154(b) of the Health and Safety Code.

In answer to your specific questions, a hospital licensed under chapter 241 may charge retrieval and copying fees under section 241.154(b) for records relating to "treatment of conditions or injuries for which workers' compensation benefits are not being sought." Request Letter, *supra* note 1, at 2. The phrase "health care information relating to treatment or hospitalization for which workers' compensation benefits are being sought" in section 241.154(d)(4) and the phrase "records relating to treatment or hospitalization for which compensation is being sought" in Labor Code section 408.025(d) refer only to records created in connection with the treatment or hospitalization for the work-related injury for which workers' compensation benefits are being sought. These phrases do not embrace records relating to all treatment or hospitalization of an injured employee who is seeking workers' compensation benefits.

## S U M M A R Y

Section 408.025(d) of the Texas Labor Code governs fees for the release of reports and records a health care provider is required to prepare and submit under chapter 408 or Texas Department of Insurance, Division of Workers' Compensation rules. A hospital licensed under chapter 241 of the Texas Health and Safety Code that is requested by a workers' compensation carrier to provide such reports and records must charge fees authorized by the fee schedule promulgated under section 408.025(d) of the Labor Code. A hospital that is requested by a workers' compensation carrier to provide other medical records in a workers' compensation proceeding may charge fees under section 241.154(b) of the Health and Safety Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee