

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

January 5, 2001

Mr. Wayne Thorburn
Administrator
Texas Real Estate Commission
P.O. Box 12188
Austin, Texas 78711-2188

Opinion No. JC-0322

Re: Whether article 6573b of the Revised Civil Statutes is applicable to service contract providers required to register with the Texas Department of Licensing and Regulation under article 9034, Revised Civil Statutes (RQ-0261-JC)

Dear Mr. Thorburn:

The Residential Service Company Act, article 6573b of the Revised Civil Statutes, regulates residential service contracts that extend coverage to residential property items or systems. Regulation is limited to contracts offered by persons other than manufacturers or those who actually sell the items or systems. *See* TEX. REV. CIV. STAT. ANN. art. 6573b, § 4(a) (Vernon Supp. 2000); *see also id.* § 25(c). The Service Contract Regulatory Act, article 9034 of the Revised Civil Statutes, regulates all other service contracts, not regulated by article 6573b, covering non-residential items and residential property items that are warrantied by a seller or manufacturer. *See id.* art. 9034, § 2(12), *added by* Act of May 28, 1999, 76th Leg., R.S., ch. 1559, § 1, sec. 2(12), 1999 Tex. Gen. Laws 5360, 5361. You ask, in essence, whether there is a jurisdictional overlap between articles 6573b and 9034 that would require both licensing with the Texas Real Estate Commission ("TREC") and registration with the Texas Department of Licensing and Regulation ("TDLR"). We conclude that articles 6573b and 9034 of the Revised Civil Statutes govern different types of contracts and that a person offering both "residential service contracts" governed by article 6573b and "service contracts" governed by article 9034 must comply with both statutes.

When construing a statute, this office must give effect to the legislature's intent. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). Where a statute has clear and unambiguous language, we construe a statute according to its plain language to effect legislative intent. *See Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993); *RepublicBank Dallas v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985).

Article 6573b, the Residential Service Company Act, requires a person to obtain a license from the TREC if they offer service contracts which extend coverage to residential property items or systems. *See* TEX. REV. CIV. STAT. ANN. art. 6573b, § 6 (Vernon Supp. 2000). Article 6573b in pertinent part defines a residential service contract as:

> any contract or agreement whereby, for a fee, a person undertakes, for
> a specified period of time, to maintain, repair, or replace all or any

> part of the structural components, the appliances, or the electrical, plumbing, heating, cooling, or air-conditioning systems of residential property . . . .

*Id.* § 4(a).

The definition of "residential service contract" limits the application of article 6573b to contracts offered by persons other than manufacturers or those persons who actually sell the items or systems:

> [T]he term [residential service contract] does not mean nor include any service or maintenance contract or agreement sold, offered for sale, or issued by any manufacturer or merchant in which such contract or agreement the manufacturer or merchant undertakes, for a fee and for a specified period of time, to service, maintain, repair, or replace any product or part thereof, including but not limited to the structural components, the appliances, or the electrical, plumbing, heating, cooling, or air-conditioning systems of residential property, manufactured or sold by such manufacturer or merchant, or installed by such merchant in any building or residence.

*Id.* In addition, section 2(c) of article 6573b expressly excludes from its application service contracts offered, sold, or issued by a manufacturer or seller of a product. *See id.* § 2(c) (excluding manufacturers and sellers from its application). Similarly, section 25(e) of article 6573b entirely exempts from its application service contracts offered, sold, or issued by a manufacturer or seller of a product. *See id.* § 25(e).

In contrast, article 9034, the Service Contract Regulatory Act, requires registration with the TDLR of persons offering all other service contracts, not regulated by article 6573b, covering non-residential items and residential property items that are warrantied by a seller or manufacturer. *See* TEX. REV. CIV. STAT. ANN. art. 9034, § 5(a) (Vernon Supp. 2000). Under article 9034, a "service contract" is defined as:

> an agreement, entered into for a separately stated consideration and for a specified term, under which a provider agrees to repair, replace, or maintain a product, or provide indemnification for the repair, replacement, or maintenance of a product, for operational or structural failure caused by a defect in materials or workmanship or by normal wear. A service contract may additionally provide for incidental payment or indemnity under limited circumstances, including towing, rental, and emergency road service, or for the repair or replacement of a product for damage resulting from power surges or accidental damage incurred in handling the product.

*Id.* § 2(12). The application of article 9034 is broader than article 6573b in that contracts are not restricted solely to coverage of "residential property" items. Additionally, article 9034 does not exclude service contracts by a manufacturer or seller of a product.

Persons offering service contracts under article 9034 are not subject to regulation under article 6573b for contracts within the meaning of article 9034. *See id.* § 5(d)(2) (exempting service contract providers from any other licensing requirements in Texas regarding service contracts within the meaning of article 9034). Likewise, section 5(e)(4) of article 9034 specifically exempts from its application "residential service contracts sold by entities licensed by the Texas Real Estate Commission under article 6573b, Revised Civil Statutes." *Id.* § 5(e)(4). These exemptions restrict application of article 9034 solely to contracts covering non-residential property items and contracts covering residential property items offered or sold by the actual manufacturer or seller. *See id.* § 5(d)(2), (e)(4). We believe that the clear language of these exemptions demonstrates that the drafters of article 9034 intentionally avoided concurrent or overlapping jurisdiction of residential service contracts regulated by TREC.

In addition to the plain language of the statutes, we also find it helpful to examine legislative history. According to the legislative history of article 6573b, its purpose was to bring residential service contract providers under the regulation of the TREC.[1] On the other hand, the bill analysis for Senate Bill 1775, which enacted article 9034, states that its purpose is to regulate "the sale of service contracts by a manufacturer or seller of consumer products [which] is unregulated."[2] This language supports the conclusion that article 9034, enacted twenty years after article 6573b, was intended to regulate an area not contemplated or governed by then existing law and was not intended to replace existing law regarding "residential service contracts."

Based on the plain language of the statutes and the legislative history of articles 6573b and 9034, we believe that the types of contracts covered by the statutes were not intended to overlap. Therefore, application of article 6573b and article 9034 should be determined by the type of contract offered.

We now address your specific questions. You first ask:

> Does article 6573b apply to a person offering a contract to repair or
> replace the electrical, plumbing, heating, cooling, or air-conditioning
> systems in residential property if the person is registered with the

---

[1] *See* HOUSE COMM. ON INSURANCE, BILL ANALYSIS, Tex. H.B. 962, 66th Leg., R.S. (1979).

[2] *See* SENATE COMM. ON ECONOMIC DEVELOPMENT, BILL ANALYSIS, Tex. S.B. 1775, 76th Leg., R.S. (1999); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436 (Tex. 1997) (explaining primary objective in construing statute is to give effect to legislature's intent).

Texas Department of Licensing and Regulation ("TDLR") under article 9034?[3]

Application of article 6573b is triggered by the type of contract offered. *See* TEX. REV. CIV. STAT. ANN. art. 6573b, § 2(c) (Vernon Supp. 2000) (excluding application to contracts by a manufacturer or seller of a product or service of residential property); *id.* § 4(a) (regulating contracts to repair, replace, maintain all or part of items or systems of residential property); *id.* § 25(e) (exempting from application of article 6573b, contracts by a manufacturer or seller of a product or system of residential property). Thus, if the contract falls within the meaning of "residential service contract" under article 6573b, the provider must obtain licensing with the TREC regardless of whether the provider is already registered with TDLR under article 9034. *See id.* § 6. Conceivably, if a provider offers various service contracts, some within the meaning of article 6573b and others within the meaning of article 9034, the provider would be required to comply with the licensing and registration requirements of both statutes, depending upon the contract.

In your second question, you ask:

What are the licensing or registration requirements for a person to offer a contract to repair or replace appliances in a residence?[4]

This question, in essence, inquires into the general licensing and registration requirements of article 6573b and article 9034. Our answer turns upon whether the contract falls within the coverage of article 6573b or article 9034. If a contract falls within the meaning of "residential service contract" under article 6573b, and the provider is a third party, then the provider must be licensed with the TREC. *See* TEX. REV. CIV. STAT. ANN. art. 6573b, § 6 (Vernon Supp. 2000). A person cannot sell, offer to sell, arrange or solicit the sale of, or receive applications for residential service contracts, unless the person is employed by a licensed service company or is a licensed "real estate salesman, real estate broker, mobile home dealer, or insurance agent" in Texas. *Id.* § 6(b). Additionally, a licensed service company must issue the residential service contract. *See id.* § 6(a); *see also id.* § 4(b), (c) (defining a licensed service company). The specific licensing requirements are set forth in article 6573b and include compliance with financial security requirements and filing of an annual report. *See id.* §§ 7-10.

If a contract falls within the meaning of a "service contract" under article 9034 (including those offered by a manufacturer or seller), then the provider must register with the TDLR. *See id.* art. 9034, § 5(a). The primary requirements of article 9034 are registration with the TDLR, payment of an annual fee, and compliance with financial security requirements. *See id.* §§ 5, 6.

---

[3] Letter from Mr. Wayne Thorburn, Administrator, Texas Real Estate Commission, to Honorable John Cornyn, Texas Attorney General (July 31, 2000) (on file with Opinion Committee).

[4] *Id.*

In sum, article 6573b requires licensing with the Texas Real Estate Commission of persons offering contracts on residential property items or systems that are not issued by the actual seller or manufacturer of the items or systems. In contrast, article 9034 requires registration with the Texas Department of Licensing and Regulation of persons offering contracts covering non-residential property items, residential property items issued by the seller or manufacturer of the item, or any other service contract not regulated by article 6573b. Thus, we conclude that articles 6573b and 9034 of the Revised Civil Statutes govern different types of contracts, and a person offering both "residential service contracts" governed by article 6573b and "service contracts" governed by article 9034 must comply with both statutes.

## S U M M A R Y

Article 6573b of the Revised Civil Statutes requires licensing with the Texas Real Estate Commission of persons offering contracts on residential property items or systems that are not issued by the actual seller or manufacturer of the items or systems. In contrast, article 9034, Revised Civil Statutes, requires registration with the Texas Department of Licensing and Regulation of persons offering contracts covering non-residential property items, residential property items issued by the seller or manufacturer of the item, or any other service contract not regulated by article 6573b. A person who provides contracts governed by both statutes is required to comply with article 6573b with respect to contracts governed by that statute and to comply with article 9034 with respect to contracts governed by that statute.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Polly McCann Pruneda
Assistant Attorney General - Opinion Committee